## HALDAN E. CONNOR, JR. *v.* STATEWIDE GRIEVANCE COMMITTEE*
### (SC 16703)

Borden, Katz, Palmer, Vertefeuille and Zarella, Js.

---

*Because Haldan E. Connor, Jr., filed the appeal in this case from his reprimand by the statewide grievance committee, the proper caption of this case is *Haldan E. Connor, Jr.* v. *Statewide Grievance Committee.* It should be noted, however, that the microfiche version of the Supreme Court Record and Briefs in this case will be found under the name *Statewide Grievance Committee* v. *Haldan E. Connor, Jr.*

Argued April 17—officially released June 4, 2002

*Haldan E. Connor, Jr.,* pro se, the appellant (plaintiff).

*Cathy A. Dowd,* assistant bar counsel, for the appellee (defendant).

*Opinion*

KATZ, J. The dispositive issue in this appeal is whether the trial court properly dismissed the appeal by the plaintiff, Haldan E. Connor, Jr., from the adverse decision of the defendant, the statewide grievance committee, based upon the court's determination that the plaintiff's failure to serve the complaint on the defendant in accordance with General Statutes § 52-50 (a)[1] rendered service defective under Practice Book § 2-38 (a)[2]

---

[1] General Statutes § 52-50 (a) provides: "All process shall be directed to a state marshal, a constable or other proper officer authorized by statute, or, subject to the provisions of subsection (b) of this section, to an indifferent person. A direction on the process 'to any proper officer' shall be sufficient to direct the process to a state marshal, constable or other proper officer."

[2] Practice Book § 2-38 (a) provides: "A respondent may appeal to the superior court a decision by the statewide grievance committee or a reviewing committee reprimanding the respondent, except that a respondent

and, therefore, deprived the court of subject matter jurisdiction. We conclude that service by mail of the plaintiff's appeal was proper under § 2-38 (a) and that, accordingly, the trial court improperly dismissed the plaintiff's appeal.

The record discloses the following undisputed facts. On October 21, 2000, a reviewing committee of the defendant issued a reprimand against the plaintiff based upon its determination that he had violated rules 1.15, 1.8 and 1.9 of the Rules of Professional Conduct. The plaintiff thereafter filed a request for review with the defendant, which upheld the reprimand by a decision dated December 22, 2000. On January 19, 2001, the plaintiff appealed from that decision to the Superior Court and a copy of the appeal was sent to the defendant by certified mail, return receipt requested. The defendant received a copy of the appeal and, on February 13, 2001, it filed an answer.

Thereafter, the trial court, sua sponte, ordered the parties to appear on March 19, 2001, to address whether the plaintiff's service of the appeal was jurisdictionally defective. In a memorandum of decision issued May 10, 2001, the trial court noted that Practice Book § 2-38 (a) requires that an appeal from an adverse decision by the defendant must be served "in the same manner as in civil actions." The trial court determined that General Statutes § 52-50 (a) sets forth the appropriate standard for service in civil actions, which requires that service be "directed to a state marshal, a constable or other proper officer . . . ." Because the plaintiff had failed

---

may not appeal a decision by a reviewing committee reprimanding the respondent if the respondent has not timely requested a review of the decision by the statewide grievance committee under Section 2-35 (g). The appeal shall be filed with the clerk of the superior court for the judicial district of Hartford at Hartford within thirty days from the issuance, pursuant to Section 2-36, of the decision of the statewide grievance committee. A copy of the appeal shall be served on the statewide bar counsel as agent for the statewide grievance committee in the same manner as in civil actions."

to serve the complaint in accordance with § 52-50 (a), the trial court determined that it was deprived of jurisdiction. Accordingly, the trial court dismissed the plaintiff's appeal.

On May 29, 2001, the plaintiff filed the present appeal from the judgment of dismissal to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 65-1 and General Statutes § 51-199 (c). The plaintiff claims on appeal that the trial court improperly determined that the requirement under Practice Book § 2-38 (a), that a copy of an appeal "shall be served on the statewide bar counsel as agent for the statewide grievance committee *in the same manner as in civil actions*," mandates compliance with General Statutes § 52-50. (Emphasis added.) The plaintiff contends that § 52-50 is inapplicable because it addresses service of *process*. Instead, he directs our attention to Practice Book § 10-12, which he claims informs what constitutes service "in the same manner as in civil actions," the requirements of which the plaintiff claims he satisfied by mailing the appeal to the defendant. Moreover, the plaintiff claims that satisfaction of service of mesne process under § 52-50 is unnecessary to establish the trial court's jurisdiction when, as in the present case, it has inherent supervisory authority over attorney conduct. We conclude that the plaintiff's mailing of the appeal was proper. We further conclude that, even if service of process in accordance with § 52-50 had been required under Practice Book § 2-38 (a), any failure to comply with those procedures would have deprived the court of personal, and not subject matter, jurisdiction, which was waived by the failure of the defendant to challenge timely the court's jurisdiction over its person.

I

Our resolution of this case is guided by our well established statutory construction jurisprudence. See

*Thalheim* v. *Greenwich*, 256 Conn. 628, 639, 775 A.2d 947 (2001) (rules of statutory construction apply with equal force to rules of practice). "The process of statutory interpretation involves a reasoned search for the intention of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of this case . . . . In seeking to determine that meaning, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter. . . . *Luce* v. *United Technologies Corp.*, 247 Conn. 126, 133, 717 A.2d 747 (1998). In construing a statute, common sense must be used and courts must assume that a reasonable and rational result was intended. *Kron* v. *Thelen*, 178 Conn. 189, 192, 423 A.2d 857 (1979); accord *Willow Springs Condominium Assn., Inc.* v. *Seventh BRT Development Corp.*, 245 Conn. 1, 26, 717 A.2d 77 (1998). Finally, because the question presented [in] this appeal involves an issue of statutory construction, our review is plenary. E.g., *Coley* v. *Camden Associates, Inc.*, 243 Conn. 311, 318, 702 A.2d 1180 (1997). . . . *Schreck* v. *Stamford*, 250 Conn. 592, 596–97, 737 A.2d 916 (1999)." (Internal quotation marks omitted.) *Modern Cigarette, Inc.* v. *Orange*, 256 Conn. 105, 120–21, 774 A.2d 969 (2001).

Prior to 1998, the rules of practice provided that a copy of an appeal from an adverse decision by the defendant "shall be served in accordance with Sec. 120." Practice Book, 1997, § 27N (a)[3] (now § 2-38 [a]). Section

---

[3] Practice Book, 1997, § 27N (a) (now § 2-38 [a]) provides: "A respondent may appeal to the superior court a decision by the statewide grievance committee reprimanding the respondent. The appeal shall be filed with the clerk of the superior court for the judicial district of Hartford-New Britain at Hartford within thirty days from the issuance, pursuant to Sec. 27M, of the decision. A copy of the appeal shall be served in accordance with Sec. 120 on the statewide bar counsel as agent for the statewide grievance committee."

120 contained no text but was merely the title section for a series of rules dealing with service of pleadings. See Practice Book, 1997, §§ 121 through 126. Included in the series was Practice Book, 1997, § 122 (now § 10-13), which directed that service of pleadings, other than those asserting new or additional claims for relief against parties who have not appeared, be made by delivering or mailing a copy to the attorney or pro se party. Pleadings asserting such new or additional claims for relief were to be served in the same manner that an original writ or complaint is served. In 1998, § 27N was replaced with § 2-38, at which time the language "served . . . in the same manner as in civil actions" was substituted for "served in accordance with Sec. 120." Focusing on this change in language, the trial court in the present case concluded that, because § 120 had allowed service to be by certified mail, the elimination of that reference in § 2-38 (a) necessarily demanded that service be in accordance with General Statutes § 52-50, which prescribes the manner of civil *process*. The trial court therefore concluded that the plaintiff was required to direct service to a "proper officer" as required under § 52-50. We reject this reasoning.

First, we note that the plain language of Practice Book § 2-38 (a) does not provide that service shall be made in the same manner as "process" in civil actions. In light of the fact that that term has been included in several other rules of practice related to service; see Practice Book §§ 8-1 (a)[4] and

[4] Practice Book § 8-1 (a) provides in relevant part: "Mesne *process* in civil actions shall be a writ of summons or attachment, describing the parties, the court to which it is returnable and the time and place of appearance, and shall be accompanied by the defendant's complaint. Such writ may run into any judicial district or geographical area and shall be signed by a commissioner of the superior court or a judge or clerk of the court to which it is returnable. Except in those actions and proceedings indicated below, the writ of summons shall be on a form substantially in compliance with the following judicial branch forms prescribed by the chief court administrator: Form JD-FM-3 in family actions, Form JD-HM-32 in summary process actions, and Form JD-CV-1 in other civil actions, as such forms shall from time to time be amended. . . ." (Emphasis added.)

72-3 (b);[5] we find its absence from § 2-38 (a) significant. Second, although the reference to § 120 was eliminated from § 2-38 (a), the procedural requirements of § 2-38 (a) are more consistent with those set forth in Practice Book § 10-12, (formerly § 121) (appeal filed with court *before* service of copy to counsel) than with the requirements of mesne process.[6] See footnotes 4 and 5 of this opinion. Third, there is no indication that the drafters of the rules intended any significant change in service by the 1998 amendment to the rules of practice. Rather, the elimination of the reference to § 120 in § 2-38 (a) correlated to the elimination of all title sections from the Practice Book. In fact, the commentary to the proposed change indicates that it was intended to give the defendant a better opportunity to review alleged deficiencies in a reprimand prior to appellate review by the courts. See Practice Book Rules Being Considered by the Rules Committee of the Superior Court, 58 Conn. L.J., No. 46, p. 38PB, commentary to Practice Book, 1997, § 27N (May 13, 1997) (stating purpose was to "allow a respondent to appeal a decision by a reviewing committee

[5] Practice Book § 72-3, which pertains to the procedure for a writ of error, provides in relevant part: "(b) The writ shall be served and returned as other civil *process*, except that (1) the writ shall be served at least thirty days, inclusive, before the return day, and (2) shall be returned to the appellate clerk at least twenty days before the return day. The return days of the supreme court are the first Tuesday of each month except the months of July, August and September.

"(c) The writ shall be deemed filed the day it is returned. The appellate clerk shall forthwith give notice to all parties of the filing of the writ.

"(d) Within twenty days after filing the writ, the defendant in error shall file with the appellate clerk two copies of such documents as are necessary to present the claims of error made in the writ, including pertinent pleadings, memoranda of decision and judgment file, accompanied by a certification that a copy thereof has been served on each counsel of record in accordance with Section 62-7. . . ." (Emphasis added.)

[6] We note that, when the defendant receives a complaint and acts to refer it to a local panel pursuant to Practice Book § 2-32, the defendant is required under that rule only to serve notification of the panel to which the complaint has been sent along with a copy of the complaint by certified mail to the attorney whose conduct is under investigation.

reprimanding the respondent in the same manner as an appeal of a decision of the Statewide Grievance Committee, except that the respondent must file a timely request with the Statewide Grievance Committee to review the reviewing committee's decision pursuant to Sec. 27J [g]"). Accordingly, there is nothing, expressed or implied, to suggest a shift in service to a sheriff when appealing a decision by the defendant.

Therefore, we conclude that § 2-38 (a) merely required the plaintiff to serve the defendant by mail. Accordingly, the judgment of the trial court must be reversed. We take this opportunity, however, to clarify any confusion on the issue of jurisdiction should questions regarding defects in service in connection with grievance proceedings arise in the future.

## II

It is true that when a particular method of serving process is set forth by statute, that method must be followed. *Hyde* v. *Richard*, 145 Conn. 24, 25, 138 A.2d 527 (1958); *FitzSimmons* v. *International Assn. of Machinists*, 125 Conn. 490, 493, 7 A.2d 448 (1939). Unless service of process is made as the statute prescribes, the court to which it is returnable does not acquire jurisdiction. *Hyde* v. *Richard*, supra, 25; *Fitz-Simmons* v. *International Assn. of Machinists*, supra, 493. The jurisdiction that is found lacking, however, is jurisdiction over the person, not the subject matter. See *Hillman* v. *Greenwich*, 217 Conn. 520, 526, 587 A.2d 99 (1991) (mesne process is essential element to validity of jurisdiction of court; motion to dismiss for lack of personal jurisdiction over plaintiff should have been granted for defendant's failure to comply with requirements of General Statutes § 52-45a).

"Subject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented by the action before it. 1 Restatement (Second), Judg-

ments § 11 [1982]. A court does not truly lack subject matter jurisdiction if it has competence to entertain the action before it. *Monroe* v. *Monroe*, 177 Conn. 173, 185, 413 A.2d 819, cert. denied, 444 U.S. 801, 100 S. Ct. 20, 62 L. Ed. 2d 14 (1979). Once it is determined that a tribunal has authority or competence to decide the class of cases to which the action belongs, the issue of subject matter jurisdiction is resolved in favor of entertaining the action. *Craig* v. *Bronson*, 202 Conn. 93, 101, 520 A.2d 155 (1987). [Finally] . . . in determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged. *Connecticut Light & Power Co.* v. *Costle*, 179 Conn. 415, 420–21 n.3, 426 A.2d 1324 (1980)." (Internal quotation marks omitted.) *Amodio* v. *Amodio*, 247 Conn. 724, 727–28, 724 A.2d 1084 (1999).

In the present case, there is no question as to the trial court's competence to entertain the action before it. Therefore, even if the trial court properly had concluded that the plaintiff was required to serve the appeal in accordance with § 52-50, a conclusion that we have rejected in part I of this opinion, his service by mail would have raised an issue of personal, and not subject matter, jurisdiction. See *Brunswick* v. *Inland Wetlands Commission*, 222 Conn. 541, 551, 610 A.2d 1260 (1992) ("An improperly executed writ or citation does not . . . affect the subject matter jurisdiction of the trial court. As a defect in having the court acquire personal jurisdiction over the plaintiff, an improperly executed [writ] may be waived by the plaintiff."); E. Stephenson, Connecticut Civil Procedure (3d Ed. 1997) § 11, pp. 20–21 ("Process . . . is the means by which a defendant or his property is brought before a court and subjected to its jurisdiction. . . . Mesne process [however, pertains to] . . . the requirement of serving a writ of summons in such manner as to permit a valid in personam judg-

ment against the defendant." [Internal quotation marks omitted.]).

This distinction has particular force when the issue before the court relates to attorney misconduct. It is well settled that judges of the Superior Court already possess the "inherent authority to regulate attorney conduct and to discipline the members of the bar." *Heslin* v. *Connecticut Law Clinic of Trantolo & Trantolo,* 190 Conn. 510, 523, 461 A.2d 938 (1983). Indeed, "[i]t is their unique position as officers and commissioners of the court . . . which casts attorneys in a special relationship with the judiciary and subjects them to its discipline." (Citations omitted.) Id., 524. "In exercising their inherent supervisory authority, the judges have authorized grievance panels and reviewing committees to investigate allegations of attorney misconduct and to make determinations of probable cause. . . . Further, the judges have empowered the [defendant] to file presentments in Superior Court seeking judicial sanctions against those claimed to be guilty of misconduct. . . . In carrying out these responsibilities, these bodies 'act as an arm of the court.' "[7] (Citations omitted.) *Statewide Grievance Committee* v. *Presnick,* 215 Conn. 162, 167, 575 A.2d 210 (1990). Therefore, once a complaint is made against an attorney, "the court con-

---

[7] Consequently, we have determined that the defendant is not an agency within the definition provided in General Statutes § 4-166 (1). *Sobocinski* v. *Statewide Grievance Committee,* 215 Conn. 517, 525, 576 A.2d 532 (1999) ("[a]n administrative agency within the meaning of the [Uniform Administrative Procedure Act] has been defined as a body in which the legislature has reposed general powers of administration of a particular state program in connection with which it has been given statutory authority to act for the state in the implementation of that program" [internal quotation marks omitted]). Therefore, our cases treating the failure to properly serve or notice necessary parties to administrative appeals as depriving the court of subject matter jurisdiction are inapposite. See, e.g., *Gadbois* v. *Planning Commission,* 257 Conn. 604, 608, 778 A.2d 896 (2001) (because commission is necessary party to administrative appeal, failure to provide sufficient notice of appeal to commission deprives court of subject matter jurisdiction).

trols the situation and procedure, in its discretion, as the interests of justice may seem to it to require." (Internal quotation marks omitted.) *Doe* v. *Statewide Grievance Committee*, 240 Conn. 671, 678, 694 A.2d 1218 (1997). Hence, the court already had jurisdiction over the subject matter. See *Bridgeport* v. *Debek*, 210 Conn. 175, 180, 554 A.2d 728 (1989) ("Superior Court lacks subject matter jurisdiction only if it has no competence to entertain the action before it").

It is fundamental that jurisdiction *over a person* can be obtained by waiver. *United States Trust Co.* v. *Bohart*, 197 Conn. 34, 39, 495 A.2d 1034 (1985) ("[u]nlike subject matter jurisdiction . . . personal jurisdiction may be created through consent or waiver"). Although the filing of an appearance on behalf of a party, in and of itself, does not waive that party's personal jurisdiction claims, "[a]ny defendant, wishing to contest the court's jurisdiction, may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance." Practice Book § 10-30; see *Pitchell* v. *Hartford*, 247 Conn. 422, 433, 722 A.2d 797 (1999) ("[t]he rule specifically and unambiguously provides that any claim of lack of jurisdiction over the person as a result of an insufficiency of service of process is waived unless it is raised by a motion to dismiss filed within thirty days in the sequence required by Practice Book § 10-6").

In the present case, the filing of the defendant's answer, followed by its failure to move to dismiss the complaint within thirty days of the filing of that appearance, constituted a waiver of the defendant's right to contest the trial court's personal jurisdiction over the defendant. Even had service by the plaintiff been improper, the alleged defect raised only a matter of in personam jurisdiction, which the defendant failed to challenge. See *Stewart-Brownstein* v. *Casey*, 53 Conn. App. 84, 90, 728 A.2d 1130 (1999) ("[n]oncompliance with

General Statutes § 52-45a and Practice Book § 8-1 merely deprived the trial court of jurisdiction over the persons of the defendants unless the plaintiffs waived the lack of personal jurisdiction"). The trial court acted improperly, therefore, when it, sua sponte, questioned whether the plaintiff's service of the appeal had been defective.

The judgment of dismissal is reversed and the case is remanded for further proceedings according to law.

In this opinion the other justices concurred.