[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO DISMISS
The defendants in this appeal from probate move to dismiss the action on two grounds for lack of subject matter jurisdiction. They argue first that the plaintiff lacks standing and second that the motion for appeal is defective on its face.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court."Gurliacci v. Mayer, 218 Conn. 531, 544 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624 (1983). Subject matter jurisdiction can be raised at any time. Gagnon v. PlanningCommission, 222 Conn. 294, 297 (1992. Once raised, the issue of subject matter jurisdiction must be resolved before proceeding further with the case. Figueroa v. CS Ball Bearing, 237 Conn. 1, 4 (1996).
As noted recently by the Appellate Court in Adolphson v. Weinstein,66 Conn. App. 591, 595 (2001), the "right to appeal from the decision of a Probate Court is statutorily conferred by General Statutes § 45a-186, and the absence of aggrievement, as required by that statute, is a defect that deprives the Superior Court of jurisdiction to entertain the appeal." (Citations omitted). "Aggrievement as a concept of standing is a practical and functional one designed to assure that only those with a genuine and legitimate interest can appeal an order of the Probate Court. . . . In determining whether an appellant has a grievance . . . the question is whether there is a possibility, as distinguished from a certainty, that some legally protected interest which he has in the estate has been adversely affected." (Internal quotation marks omitted.)Erisoty's Appeal from Probate, 216 Conn. 514, 519 (1990).
The plaintiff brought this action pursuant to General Statutes §45a-186 claiming that the decree from the Cornwall Probate Court removing it as a co-trustee to the Edward M. Foote trust was improper under CT Page 14071 General Statutes § 45a-242 (a)(4) and did not comply with the terms of the will and trust of Edward M. Foote.
General Statutes § 45a-242 (a)(4), as amended by P.A. 01-114, provides,
 The court of probate having jurisdiction may, upon its own motion or upon the application and complaint of any person interested or of the surety upon the fiduciary's probate bond, after notice and hearing, remove any fiduciary if: (4) there has been a substantial change of circumstances or removal is requested by all of the beneficiaries, the court finds that removal of the fiduciary best serves the interests of all the beneficiaries and is not inconsistent with a material purpose of the governing instrument and a suitable cofiduciary or successor fiduciary is available.
The statute conferring authority on the removed fiduciary to appeal is General Statutes § 45a-243 which reads,
 (a) When any fiduciary has been removed for cause by a court of probate, as provided in section 45a-242, the fiduciary may appeal from such order of removal in the manner provided in sections 45a-186 to 45a-193, inclusive. In the event of an appeal from the order of removal taken by the fiduciary who has been removed, the appointment of a successor shall not be stayed by the appeal but shall be a temporary appointment. Such successor fiduciary shall act during the pendency of the appeal and until the appeal is withdrawn or final judgment entered thereon.
Turning to the second ground of this motion, the court notes that the Motion for Appeal of April 9, 2002 states the following:
The subscriber is aggrieved by said order and decree of this Court because it has been improperly removed pursuant to Conn. Gen. Stat. section 45a-242 (a)(4) as trustee of the Trust under the will of Edward M. Foote. Alternatively, the subscriber is aggrieved because removal of Citibank as Trustee did not comply with the terms of the will and the trust of Edward M. Foote.
General Statutes § 45a-191 states that in each probate appeal, "the CT Page 14072 interest of the appellant shall be stated in the motion for appeal, unless such interest appears on the face of the proceedings and records of such court of probate." Here the plaintiff has sufficiently stated its interest, by alleging statutory aggrievement under General Statutes § 45a-242 (a)(4). See Weill v. Lieberman, 195 Conn. 123, 127 (1985). The motion is denied on this ground.
The defendant argues that § 45a-243 does not confer standing on this plaintiff because its removal was not "for cause". The court has reviewed the language of both § 45a-242 as amended by P.A. 01-114 and § 45a-243. It seems apparent to this court that the language of § 45a-243 reading "removed for cause by a court of probate, as provided in Section 45a-242" refers to a statutory provision that was superseded and no longer exists. There is no mention of "for cause" in the current form of § 45a-242.
Applying accepted principles of statutory construction, the court finds that the plaintiff does have standing to appeal its removal as a fiduciary.
 The process of statutory interpretation involves a reasoned search for the intention of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of this case. . . . In seeking to determine that meaning, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter.
 Connor v. Statewide Grievance Committee, 260 Conn. 435, 439 (2002).
The court has read the two pertinent statutory provisions, that is §§ 45a-242 (a) and 45a-243, and has read the pre-P.A. 01-114 version of § 45a-242 (a).
The legislative policy as gleaned from the statutory scheme as a whole as well as from the words of both § 45a-242 (a) and § 45a-243 and the legislative history is to provide appellate review when a fiduciary is removed under the provision of § 45a-242 (a). To read § 45a-243
in the manner proposed by the defendants would be contrary to common sense. Connor v. Statewide Grievance Committee, supra, 260 Conn. 439. CT Page 14073 ("In construing a statute, common sense must be used and courts must assume that a reasonable and rational result was intended.")
For the above reasons, the motion is denied.
___________________ DiPentima, J. CT Page 14074