## MARY BERZINS *v.* DAVID BERZINS
### (AC 28041)

Bishop, DiPentima and West, Js.

Argued October 10, 2007—officially released February 5, 2008

*Linda C. Lehmann,* for the appellant (defendant).

*Susan Boyan,* with whom was *Elizabeth Foran,* for the appellee (plaintiff).

*Opinion*

WEST, J. The defendant, David Berzins, appeals from the trial court's judgment of dissolution following the denial of his motion to open the judgment rendered upon default. On appeal, the defendant claims that the court improperly determined that he failed to satisfy the requirements set forth in General Statutes § 52-212 (a) for granting a motion to open a default judgment.[1]

---

[1] The defendant also claims that the court lacked personal jurisdiction over him when it rendered the dissolution judgment, improperly allowed the plaintiff, Mary Berzins, to proceed on her amended complaint seeking dissolution of marriage without first adjudicating her claim for legal separation raised in her original complaint and improperly failed to make a finding that distribution of the marital property was "fair and equitable" when rendering the judgment of dissolution. Pursuant to Practice Book § 63-1 (a), an appeal must be filed within twenty days of the date notice of the judgment or decision is given. When a party fails, however, to file a motion to open within the appeal period, the appeal from the denial of that motion can test only whether the court abused its discretion in failing to open the judgment and not the propriety of the merits of the underlying judgment. See *Tiber Holding Corp.* v. *Greenberg,* 36 Conn. App. 670, 671, 652 A.2d 1063 (1995).

In the present case, the judgment of dissolution was rendered on January 26, 2006. The defendant did not file his motion to open until February 23, 2006, which was more than twenty days from the date the dissolution judgment was rendered. As a result, because the defendant did not file his motion to open within twenty days from the date of the judgment, the appeal from the denial of that motion can test only whether the court abused its discretion in failing to open the judgment and not the propriety of the merits of the underlying judgment. Therefore, these claims raised by the defendant are not reviewable by this court.

With respect to the defendant's claim that the court has to review the issue of personal jurisdiction regardless, we are not persuaded. The defendant relies on *Pinder* v. *Pinder,* 42 Conn. App. 254, 258, 679 A.2d 973 (1996), which he cites for the proposition that any time personal jurisdiction is brought to the attention of the court, the court must address it prior to proceeding with the case. More recently, however, in *Connor* v. *Statewide Grievance Committee,* 260 Conn. 435, 445, 797 A.2d 1081 (2002), our Supreme Court indicated that personal jurisdiction can be obtained by waiver. The court held that a party may contest the court's jurisdiction either prior to making an appearance or by filing a motion to dismiss within thirty days

We disagree with the defendant and affirm the judgment of the court.

The following facts and procedural history are relevant to our resolution of the defendant's appeal. The plaintiff, Mary Berzins, commenced this action for a legal separation and other relief by a complaint dated May 23, 2005. A copy of the writ of summons and complaint was served in hand on the defendant on May 24, 2005. The defendant did not file an appearance, and the matter was placed on the uncontested list for January 26, 2006. On January 26, 2006, the plaintiff appeared and filed a motion to amend her complaint, requesting a dissolution of the marriage rather than a legal separation. The defendant did not appear at the hearing, and a judgment of dissolution was rendered by the court, *Hon. Lawrence C. Klaczak*, judge trial referee.

In December, 2005, the defendant brought a separate action for dissolution of his marriage to the plaintiff. At some point after January 26, 2006, the plaintiff moved to dismiss the defendant's dissolution action because a judgment dissolving their marriage had been entered already, and the court dismissed the case on February 14, 2006. On February 23, 2006, the defendant filed a motion to open the judgment of dissolution. On August 18, 2006, the court, *Swords, J.*, denied the defendant's motion to open the judgment of dissolution. This appeal followed. Additional facts will be set forth as necessary.

The defendant claims that the court incorrectly determined that he failed to satisfy the requirements of § 52-212 (a) for granting a motion to open a default judgment. We disagree.

of filing an appearance. In *Connor*, our Supreme Court held that the fact that the defendant had failed to file a motion to dismiss within thirty days of filing an appearance constituted a waiver of its right to contest the court's personal jurisdiction over the defendant. Id.

The following additional facts are relevant to our analysis of the defendant's claim. In his motion to open the judgment, the defendant acknowledged that he was served with the writ of summons and complaint. He claimed, however, that after being served, the plaintiff informed him that she had withdrawn the action and no longer wanted to proceed. As a result, the defendant claimed, he was not aware of the pendency of the matter. If he had been aware of the pendency of the matter, he claimed, he would have filed an appearance and would have defended the action accordingly. On August 17, 2006, the court heard testimony with regard to the defendant's motion to open the dissolution judgment. In her testimony, the plaintiff denied that she ever had misled the defendant or represented to him that she did not intend to pursue the matter.

We first set forth the legal principles that guide our review. "[I]n granting or refusing an application to open a judgment, the trial court is required to exercise a sound judicial discretion and its decision will be set aside only for an abuse of discretion." (Internal quotation marks omitted.) *Triton Associates* v. *Six New Corp.*, 14 Conn. App. 172, 175, 540 A.2d 95, cert. denied, 208 Conn. 806, 545 A.2d 1104 (1988). "In reviewing claims that the trial court abused its discretion, great weight is given to the trial court's decision and every reasonable presumption is given in favor of its correctness. . . . We will reverse the trial court's ruling only if it could not reasonably conclude as it did." (Internal quotation marks omitted.) *Ins. Co. of Pennsylvania* v. *Waterfield*, 102 Conn. App. 277, 284, 925 A.2d 451 (2007).

Pursuant to § 52-212 (a), "[a]ny judgment rendered or decree passed upon a default or nonsuit in the Superior Court may be set aside, within four months following the date on which it was rendered or passed . . . upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that

a good cause of action or defense in whole or in part existed at the time of the rendition of the judgment or the passage of the decree, and that the plaintiff or defendant was prevented by mistake, accident or other reasonable cause from prosecuting the action or making the defense." See also Practice Book § 17-43. In other words, "[t]here must be a showing that (1) a good defense, the nature of which must be set forth, existed at the time judgment was rendered, and (2) the party seeking to set aside the judgment was prevented from making that defense because of mistake, accident or other reasonable cause." (Internal quotation marks omitted.) *Triton Associates* v. *Six New Corp.*, supra, 14 Conn. App. 175.

In his motion to open the judgment of dissolution, the defendant argued that subsequent to being served with the complaint, he had been told by the plaintiff that she had withdrawn the action and no longer wanted to proceed. He then argued that if he had been aware of the pendency of the action, he would have filed an appearance and put forth a defense. The court was unpersuaded by the defendant's argument. It found the plaintiff more credible than the defendant with regard to whether the plaintiff had made the representation to the defendant that she no longer intended to pursue the claim. The plaintiff denied that she had represented to the defendant that she was no longer pursuing the claim, and the court found her credible. Further, it determined that the defendant received notice of the action and simply chose not to appear. Finally, the court pointed out that, even if the defendant had relied on any statements made by the plaintiff, his subsequent negligence "supersedes his purported reliance on the plaintiff's actions." Indeed, the defendant had filed an action for dissolution in December, 2005, and, therefore, would have visited the courthouse at different times to

obtain blank copies of a writ of summons and complaint, to pay the filing fees and to file the executed writ. The court indicated that the defendant could have asked court personnel, on any of those occasions, to determine the status of the action filed by the plaintiff. Furthermore, the court noted, the defendant could have called the court at any point to inquire about the status of the action. The court correctly concluded that the defendant's failure to appear in the present action was due to negligence. Furthermore, it stated that because mistake, accident or other reasonable cause did not prohibit the defendant from appearing in the present case, it did not have to consider whether the defendant had a good defense.

We agree with the court and conclude that it did not abuse its discretion in refusing to grant the defendant's motion to open the judgment of dissolution. The defendant's failure to appear in this action was due to his negligence and not to any mistake, accident or other reasonable cause. The defendant was served with notice of this action and did nothing. Had he filed an appearance, he would have received notice of the January 26, 2006 hearing list. The court correctly concluded that the defendant's inaction in this case was "nothing short of complete and utter negligence." "Negligence is no ground for vacating a judgment, and it has been consistently held that the denial of a motion to open a default judgment should not be held an abuse of discretion where the failure to assert a defense was the result of negligence." (Internal quotation marks omitted.) *Woodruff* v. *Riley*, 78 Conn. App. 466, 471, 827 A.2d 743, cert. denied, 266 Conn. 922, 835 A.2d 474 (2003).

Further, we agree that the court did not have to decide whether the defendant had a good defense. It is well settled that "to obtain relief from a judgment rendered after a default, two things must concur. There must be a showing that (1) a good defense, the nature

of which must be set forth, existed at the time judgment was rendered, and (2) the party seeking to set aside the judgment was prevented from making that defense because of mistake, accident or other reasonable cause. . . . Since the conjunctive 'and' meaning 'in addition to' is employed between the parts of the two-prong test, both tests must be met." (Citation omitted; internal quotation marks omitted.) *Postemski* v. *Landon*, 9 Conn. App. 320, 324–25, 518 A.2d 674 (1986). In the present case, the court held that the defendant was not prevented from appearing as a result of mistake, accident or other reasonable cause. Therefore, the court did not have to decide whether the defendant had a good defense.

The judgment is affirmed.

In this opinion the other judges concurred.