******************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

NATIONSTAR MORTGAGE, LLC *v.*
ALAN M. GIACOMI ET AL.
(AC 46212)

Clark, Seeley and Prescott, Js.

*Syllabus*

The plaintiff sought to foreclose on certain real property owned by the defendants G and his wife. After several failed attempts to serve G with process, the court granted the motion of the substitute plaintiff, U Co., to cite in G as a party defendant, and U Co. filed a revised complaint. Thereafter, G failed to file a timely pleading in response to the operative complaint by the deadline for doing so under the rule of practice (§ 10-8), and the court granted U Co.'s motion to default G for failure to plead and rendered a judgment of foreclosure by sale. G subsequently filed a motion to open and vacate the judgment of foreclosure, which the court denied. On G's appeal to this court, *held*:

1. G could not prevail on his claims challenging the trial court's underlying default judgment of foreclosure; neither G's claim that he wrongfully was denied participation in the foreclosure mediation program due to procedural delays nor his claim that the court erroneously denied his request to revise the complaint constituted a proper challenge to the court's judgment that G had been defaulted for failure to plead, as the effect of the default was to preclude G from denying liability for the claims asserted in the complaint and to permit the rendering of judgment in favor of U Co.

2. The trial court did not abuse its discretion in denying G's motion to open the default judgment; the court found, inter alia, that G's proffered justification for failing to file a timely pleading, namely, that he had an erroneous understanding of the pleading deadline at issue, did not satisfy the second prong of the applicable statute (§ 52-212 (a)) because it was not the result of mistake, accident or excusable neglect but was rooted in G's own negligence.

Argued January 29—officially released July 2, 2024

*Procedural History*

Action to foreclose a mortgage on certain real property owned by the named defendant et al., and for other relief, brought to the Superior Court in the judicial district of Waterbury, where the court, *M. Taylor, J.,* granted the plaintiff's motion to substitute U.S. Bank

National Association, Trustee, as the plaintiff; thereafter, the court, *Spader, J.*, granted the substitute plaintiff's motion for default for failure to plead as to the named defendant and rendered a judgment of foreclosure by sale; subsequently, the court, *Spader, J.*, denied the named defendant's motion to open and vacate the judgment of foreclosure, from which the named defendant appealed to this court. *Affirmed.*

*Alan M. Giacomi*, self-represented, the appellant (named defendant).

*Jeffrey M. Knickerbocker*, for the appellee (plaintiff).

*Opinion*

CLARK, J. The defendant Alan M. Giacomi[1] appeals from the judgment of the trial court denying his motion to open and vacate the judgment of foreclosure by sale rendered after he was defaulted for failure to plead. On appeal, the defendant claims that the court improperly (1) "den[ied] [his] requests to participate in foreclosure mediation," (2) "sustain[ed] the plaintiff's objection to [his] request to revise on or about February 5, 2020," and (3) denied his motion to open the default judgment pursuant to General Statutes § 52-212 (a). We disagree and, accordingly, affirm the judgment of the trial court.[2]

---

[1] The United States Department of Justice, Melissa R. Giacomi, and Mortgage Electronic Registration Systems, Inc., also were named as defendants in this action. None of those defendants is participating in this appeal. As such, all references to the defendant in this opinion are to Alan M. Giacomi only.

[2] Although the defendant's appeal form listed a number of other orders that he intended to challenge on appeal, he failed to discuss any of those orders in the briefs that he filed with this court. As a result, we deem those claims abandoned. See *Heyward* v. *Judicial Dept.*, 159 Conn. App. 794, 802–803, 124 A.3d 920 (2015) ("[W]e are not required to review claims that are inadequately briefed. . . . We consistently have held that [a]nalysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . [F]or this court judiciously and efficiently to consider claims of error raised on appeal . . . the parties must clearly and fully set forth their arguments in their briefs. . . . [A]ssignments of error which are merely mentioned but not briefed beyond a statement of the claim will be deemed abandoned and will not be reviewed

The following facts and procedural history are relevant to our resolution of this appeal. On May 18, 2017, the original plaintiff, Nationstar Mortgage, LLC (Nationstar), commenced this action against Melissa R. Giacomi (Melissa Giacomi) to foreclose a mortgage on property located at 70 Arvida Road in Wolcott owned by Melissa Giacomi and the defendant, who formerly were married but have since divorced. Although the original summons and complaint named both Melissa Giacomi and the defendant as defendants, Nationstar failed to serve the original summons and complaint on the defendant. On June 26, 2017, Melissa Giacomi filed a foreclosure mediation request, which the clerk of court granted on July 11, 2017. Melissa Giacomi and Nationstar subsequently engaged in court-annexed mediation between July, 2017, and January, 2018. On January 10, 2018, the foreclosure mediator filed a final report stating that the case had not been settled, and the mediation period subsequently was terminated.

On January 16, 2018, Nationstar filed a motion to cite in the defendant as a party defendant, which was granted by the court, *M. Taylor, J.*, on January 29, 2018. On May 14, 2018, after the defendant was defaulted for failure to appear, Nationstar filed a motion for a judgment of strict foreclosure, which was granted by the court on May 29, 2018, with the law days set to commence on August 7, 2018.

On June 29, 2018, Nationstar filed a motion to open the judgment nunc pro tunc and to substitute "U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CCT" (U.S. Bank), as the plaintiff on the basis that

by this court." (Internal quotation marks omitted.)); see also *Simms* v. *Zucco*, 214 Conn. App. 525, 546 n.14, 280 A.3d 1226 ("to receive review, a claim must be raised and briefed adequately in a party's principal brief, and . . . the failure to do so constitutes the abandonment of the claim" (internal quotation marks omitted)), cert. denied, 345 Conn. 919, 284 A.3d 982 (2022).

Nationstar had assigned the mortgage to U.S. Bank by an assignment dated May 17, 2018, and recorded on the Wolcott land records on May 29, 2018. On July 16, 2018, the court granted the motion.[3]

On August 3, 2018, Melissa Giacomi filed a notice of bankruptcy stay. On December 14, 2018, after Melissa Giacomi received a discharge from the bankruptcy court and her bankruptcy case was closed, U.S. Bank filed a motion to open and reset the law days. On January 28, 2019, the court granted the motion and rendered a judgment of strict foreclosure with the law days to commence on July 2, 2019.

On June 20, 2019, the defendant filed an appearance in the case. The defendant filed a motion to open and vacate the judgment on July 1, 2019, which the court granted on the same day and reset the law days to commence on July 23, 2019. Thereafter, on July 19, 2019, the defendant filed a motion to dismiss, claiming that the court had no personal jurisdiction over him pursuant to Practice Book § 10-30 (a) (2) and (4), and *Hyde* v. *Richard*, 145 Conn. 24, 138 A.2d 527 (1958), because the "defendant was never served with process

---

[3] We note that U.S. Bank was not docketed as the substitute plaintiff in the trial court file after the court granted the motion to open and substitute. This appears to have been an administrative error. We also note that, after the substitution in this case, various attorneys from Bendett & McHugh, P.C., counsel for Nationstar, continued to file some pleadings in the trial court on behalf of Nationstar despite the fact that Nationstar was no longer a party to the action by virtue of the fact that U.S. Bank had been substituted for Nationstar. In addition, counsel never filed an appearance on behalf of U.S. Bank in the trial court or in this court. Instead, appellate counsel for the plaintiff-appellee, Attorney Jeffrey M. Knickerbocker from Brock & Scott, PLLC, filed an appearance in this court for Nationstar and filed an appellee brief on behalf of Nationstar, not U.S. Bank. The record is clear, however, that the operative complaint was filed by U.S. Bank, and judgment was rendered by the trial court for U.S. Bank. Although counsel's filing errors appear to be mere oversights, counsel in such cases must pay careful attention to ensure that the pleadings and appearances they file comply with our rules of practice and accurately reflect which parties they represent.

. . . .” On August 1, 2019, the court granted the defendant's motion to dismiss the case against him for lack of personal jurisdiction, finding that, at the time of service, the defendant did not live at the address where Nationstar had attempted service of process.

On August 7, 2019, a motion to open and vacate the judgment of foreclosure and a motion to cite in the defendant as a party defendant was filed. On August 19, 2019, the court granted the motion to open and vacate the judgment, and, on August 23, 2019, the court granted the motion to cite in the defendant as a party defendant. On November 12, 2019, due to an error in service, an additional motion to cite in the defendant as a party defendant was filed and was granted by the court on November 25, 2019.[4] On December 23, 2019, the defendant was finally served with the amended complaint.

On July 12, 2022, U.S. Bank filed a revised complaint, which is the operative complaint in this appeal. On August 10, 2022, U.S. Bank filed a motion for a judgment of strict foreclosure. The defendant filed a request to revise on August 11, 2022, which was denied by the court on September 6, 2022. The defendant subsequently filed a motion to strike on September 20, 2022, which was denied by the court on October 11, 2022. Thereafter, the defendant failed to file a timely pleading in response to the operative complaint by the October 26, 2022 deadline for doing so under Practice Book § 10-8.[5] As a result, on November 1, 2022, U.S. Bank moved

---

[4] Although the text of the motions to cite in the defendant as a party defendant filed on August 7, 2019, and November 12, 2019, refer to "[t]he plaintiff, Nationstar Mortgage, LLC," these motions were both filed after the motion to substitute U.S. Bank as the plaintiff was granted on July 16, 2018, and, as stated in footnote 3 of this opinion, the operative complaint was filed by U.S. Bank, and we therefore interpret all motions filed after July 16, 2018, to have been filed by U.S. Bank.

[5] Practice Book § 10-8 provides in relevant part: "Commencing on the return day of the writ, summons and complaint in civil actions, pleadings, including motions and requests addressed to the pleadings, shall advance

to default the defendant for failure to plead. The court granted that motion on November 8, 2022. On November 14, 2022, the court held a hearing on U.S. Bank's August 10, 2022 motion for a judgment of strict foreclosure, at which it rendered a judgment of foreclosure by sale with a sale date of February 25, 2023.

On December 5, 2022, the defendant filed a motion to open and vacate the judgment of foreclosure, arguing that he had good defenses at the time the judgment was rendered and that he was unable to raise his defenses by filing a timely answer due to mistake, accident, or other reasonable cause. Specifically, the defendant stated, inter alia, that he "failed to plead due to his belief that he had thirty days to plead after the court's action on the prior pleading. . . . The defendant was unaware that foreclosure actions carried different time constraints than regular civil actions." U.S. Bank filed an objection to the defendant's motion on December 13, 2022. On December 21, 2022, the court denied the defendant's motion to open and vacate the judgment of foreclosure and sustained U.S. Bank's objection to the motion.

In its memorandum of decision, the court stated: "The court has considered the arguments of the defendant and the response of [U.S. Bank] and is not persuaded to reopen the judgment of foreclosure pursuant to [§ 52-212 (a)] or Practice Book § 17-43.

"To open a judgment, the defendant must demonstrate *both* that he has a good defense to the underlying action and that he was prevented by mistake, accident, or other excusable neglect from raising said defense.

---

within thirty days from the return day, and any subsequent pleadings, motions and requests shall advance at least one step within each successive period of thirty days from the preceding pleading or the filing of the decision of the judicial authority thereon if one is required, *except that in* . . . *actions to foreclose a mortgage on real estate the time period shall be fifteen days*. . . ." (Emphasis added.)

Even if the court is persuaded that the defendant has good reason for not timely raising the defense, if the defense is insufficient, the judgment should not be opened. See generally *Costello* v. *Hartford Institute of Accounting, Inc.*, 193 Conn. 160, 167, 475 A.2d 310 (1984). The defendant has not presented good cause for the court to reopen the judgment. He has not credibly demonstrated that a good defense existed at the time of judgment.

"As to the timing of the default, it was properly entered. [U.S. Bank] moved for the default on November 1, 2022, and it was granted on November 8, 2022. The defendant claims he only received the notice of the granting of the default on November 10, 2022, the courthouse was closed on November 11, 2022, and the judgment hearing was on November 14, 2022—so he did not have time to go to the courthouse library to conduct legal research. The default was moved for on November 1, 2022. Based on the defendant's affidavit, he had not even begun to research his defenses at the time he received notice of the granting of the motion. While the defendant is a self-represented party, it is also true that he is a former attorney with more legal training than others before the court and had, at least at some point in the past, knowledge of the Connecticut Practice Book and knowledge of pleading timelines. The court cannot say that the defendant was prevented by mistake, accident, or excusable neglect from timely raising his potential defenses, as it appears that he neglected to raise them by his own negligence. He notes that he has vigorously defended the proceedings thus far, and the court acknowledges that he has, but the default entered properly for his not timely filing a responsive pleading when due nor after receiving [U.S. Bank's] motion requesting the default.

"Although at this point the court, based on the above finding, does not need to review the potential defenses, for the sake of a clean record, the court will do so.

"The defenses being claimed by the defendant are grounded in equity. Foreclosures are equitable proceedings and equitable defenses are available thereto. The defendant first claims that the original lender engaged in fraud in approving him for a mortgage as he executed a loan given to him based on inaccurate figures amended by employees of GMAC [Mortgage Corporation] prior to the loan origination and that the terms on the second mortgage signed contemporaneously with the loan subject to his action were inaccurate. The defendant then claims that the procedural delays caused by [Nationstar's] initial inability to serve him because he was no longer at the premises, and then through delays in causing the motions to cite to be consummated with valid service, resulted in his not being able to engage in mediation and caused excessive interest accrual. Accordingly, the defendant contends that the court should consider the procedural delays of [Nationstar and U.S. Bank] as a defense pursuant to *U.S. Bank National Assn.* v. *Blowers*, 332 Conn. 656, 212 A.3d 226 (2019). Finally, the defendant claims a priority issue, alleging that the federal lien on his property has priority over the city's accruing real estate taxes and if the court, following a foreclosure sale, disburses to the city rather than the [United States], less of his equity in the premises will be used to pay down his federal debt to his personal detriment.

\* \* \*

"As to the second proposed defense, the court cannot fully credit the procedural delays against [Nationstar and U.S. Bank]. The defendant was unable to be served properly when he was no longer at the home. [Melissa Giacomi] may not have advised him of the pendency of this action, but he did know [that] he was in default on the mortgage and did not take any steps to reach out to [Nationstar] to attempt to resolve the situation.

The matter was delayed for a time with [Melissa Giacomi's] mediation attempts and her bankruptcy. The court found that service was not proper and granted the defendant's previous motion to open. The court's decision revealed the difficulty of effectuating proper service, but eventually, [U.S. Bank] obtained proper service and the action proceeded.

"These are not the types of delays that the *Blowers* court indicated could provide a defense to a foreclosure—the issue there was bad faith negotiations. If anything at all, delays could provide an offset to the debt, but the defendant would also have to demonstrate that he had some ability to negotiate payments. The defendant did not move to reconsider the denials of his mediation requests so there is no record of why they were denied, but with [Melissa Giacomi] as a coborrower on the note and her obtaining a Chapter 7 discharge of personal liability, it is clear that no modification is presently possible. The delay in effectuating actual service did not prejudice the defendant in his ability to redeem the mortgage if he chose to do so since the 2016 default in payments nor his ability to defend this matter.

\* \* \*

"The defendant also mentions his issues with [U.S. Bank's] pleadings, alleging that it has not followed the cite in orders by properly stating his interest in the premises and by including the original plaintiff of Nationstar in its captioning of pleadings, despite an order to amend the summons and complaint. The court has reviewed the pleadings and finds no jurisdictional error in them. The case caption required by the court is the Nationstar name, as that is how the clerk has the case captioned. The operative complaint does indicate the substituted plaintiff in the signature block. The interest of the defendant has consistently been

plead[ed] as a party to the note and mortgage . . . and owner and possessor of the premises . . . .

"After careful consideration of all of the defendant's arguments and his affidavit and pleadings, the court denies the motion to open and vacate the judgment of foreclosure by sale." (Emphasis in original.) This appeal followed.

I

We first address the defendant's claims challenging the underlying default judgment of foreclosure.[6] The defendant challenges that default judgment on two grounds. Specifically, he claims that the court improperly (1) "den[ied] [his] requests to participate in foreclosure mediation" and (2) "sustain[ed] the plaintiff's objection to [his] request to revise on or about February 5, 2020." We reject both of these claims because neither claim constitutes a proper challenge to the basis for the court's judgment in this case, namely that the defendant had been defaulted for failure to plead.

"The entry of a default constitutes an admission by the [defaulted party] of the truth of the facts alleged in the complaint. . . . Practice Book § 17-33 (b) provides in relevant part that the effect of a default is to preclude the defendant from making any further defense in the case so far as liability is concerned . . . ." (Citation omitted; internal quotation marks omitted.) *TD Banknorth, N.A.* v. *White Water Mountain Resorts of Connecticut, Inc.*, 133 Conn. App. 536, 545–46, 37 A.3d 766 (2012). "A default admits the material facts that constitute a cause of action . . . and entry of default, when appropriately made, conclusively determines the liability of a defendant. . . . If the allegations of the plaintiff's complaint are sufficient on their face to make out

___

[6] The defendant's challenges to the underlying default judgment are timely because he filed his motion to open the judgment within the twenty day period for appealing from the underlying judgment. See Practice Book § 63-1.

a valid claim for the relief requested, the plaintiff, on the entry of a default against the defendant, need not offer evidence to support those allegations." (Internal quotation marks omitted.) *Perez* v. *Carlevaro*, 158 Conn. App. 716, 725, 120 A.3d 1265 (2015).

The court granted U.S. Bank's motion for default for failure to plead on November 8, 2022. The effect of the default was to preclude the defendant from denying liability for the claims asserted in the complaint and to permit the rendering of judgment in favor of U.S. Bank. See *TD Banknorth, N.A.* v. *White Water Mountain Resorts of Connecticut, Inc.*, supra, 133 Conn. App. 545–46; Practice Book § 17-33 (b). Thereafter, the court properly rendered a judgment of foreclosure by sale on November 14, 2022, on the basis of the order defaulting the defendant for failure to plead. Neither the defendant's claim that he wrongfully was denied participation in the foreclosure mediation program nor his claim that the court erroneously denied his request to revise the complaint relates to the basis of the court's judgment in this case.[7] Having been defaulted for failure to plead,

[7] In the section of his brief challenging the court's denial of his request to revise, the defendant also suggests that U.S. Bank lacks standing because the operative complaint does not allege that Nationstar assigned the note and mortgage to U.S. Bank even though the court had previously granted Nationstar's motion to substitute U.S. Bank as plaintiff. As the trial court noted in its decision denying the defendant's motion to open, however, the operative complaint was signed by U.S. Bank and U.S. Bank is, in fact, the plaintiff in this matter by virtue of the court's order granting the motion to substitute. See *Countrywide Home Loans Servicing, LP* v. *Creed*, 145 Conn. App. 38, 52, 75 A.3d 38 ("The manner in which to bring a title taken by an assignment pending suit to the attention of the court is by and in an application for a change of parties. . . . No new cause of action, in such case, has arisen; there has been simply a transfer of the right of action for the original cause. . . . The substitution was effected when the order that it be made was passed. Nothing further was required to put the new plaintiff in the shoes of the former plaintiffs." (Internal quotation marks omitted.)), cert. denied, 310 Conn. 936, 79 A.3d 889 (2013). As a result, and notwithstanding the confusion caused by some of the filings made in the trial court and in this court by counsel for Nationstar and U.S. Bank; see footnote 3 of this opinion; U.S. Bank is the plaintiff in this case and has standing to prosecute this action.

the defendant was deemed to have admitted to liability. See *Perez* v. *Carlevaro*, supra, 158 Conn. App. 725 ("[a] default admits the material facts that constitute a cause of action . . . and entry of default, when appropriately made, conclusively determines the liability of a defendant" (internal quotation marks omitted)). Accordingly, the defendant's first two claims fail.

## II

Next, the defendant claims that the court erred in denying his motion to open the default judgment. Although the defendant admits in his brief that he failed to timely plead, he nevertheless argues that, "because foreclosure is an equitable proceeding, the trial court must examine all relevant factors to ensure that complete justice is done. . . . In this case, it is clear that complete justice was not afforded." (Citation omitted; internal quotation marks omitted.) Additionally, the defendant argues that the failure of Nationstar and U.S. Bank to timely serve him with process created procedural delays, rendered him ineligible to participate in the foreclosure mediation program, and caused him to incur additional fees, charges, and interest on the unpaid mortgage. We are not persuaded.

We begin by setting forth our standard of review and the relevant legal principles. "We review a trial court's ruling on motions to open under an abuse of discretion standard. . . . Under this standard, we give every reasonable presumption in favor of a decision's correctness and will disturb the decision only where the trial court acted unreasonably or in a clear abuse of discretion. . . . As with any discretionary action of the trial court . . . the ultimate [question for appellate review] is whether the trial court could have reasonably concluded as it did. . . . [I]n order to determine whether the court abused its discretion [in ruling on a motion to open], we must look to the conclusions of fact upon

which the trial court predicated its ruling. . . . Those factual findings are reviewed pursuant to the clearly erroneous standard . . . .

"A motion to set aside a default judgment is governed by Practice Book § 17-43 and . . . § 52-212. . . . To open a judgment pursuant to Practice Book § 17-43 (a) and . . . § 52-212 (a), the movant must make a two part showing that (1) a good defense existed at the time an adverse judgment was rendered; and (2) the defense was not at that time raised by reason of mistake, accident or other reasonable cause. . . . The party moving to open a default judgment must not only allege, but also make a showing sufficient to satisfy the two-pronged test [governing the opening of default judgments]. . . . The negligence of a party or his counsel is insufficient for purposes of § 52-212 to set aside a default judgment. . . . Finally, because the movant must satisfy both prongs of this analysis, failure to meet either prong is fatal to its motion." (Citations omitted; internal quotation marks omitted.) *Disturco* v. *Gates in New Canaan, LLC*, 204 Conn. App. 526, 532–33, 253 A.3d 1033 (2021).

Our appellate courts have long held that a party's own negligence does not qualify as a "mistake" for purposes of § 52-212 (a). See, e.g., *Pantlin & Chananie Development Corp.* v. *Hartford Cement & Building Supply Co.*, 196 Conn. 233, 240–41, 492 A.2d 159 (1985) ("it has been consistently held that the denial of a motion to open a default judgment should not be held an abuse of discretion where the failure to assert a defense was the result of negligence"); *Disturco* v. *Gates in New Canaan, LLC*, supra, 204 Conn. App. 534 ("While mistake, accident or other reasonable cause may be a sufficient reason to open a default judgment, negligence is not. Our Supreme Court has consistently held that the denial of a motion to open a default judgment should not be held an abuse of discretion where

the failure to assert a defense was the result of negligence." (Internal quotation marks omitted.)); *Dziedzic* v. *Pine Island Marina, LLC*, 143 Conn. App. 644, 653, 72 A.3d 406 (2013) ("Negligence is no ground for vacating a judgment, and it has been consistently held that the denial of a motion to open a default judgment should not be held an abuse of discretion where the failure to assert a defense was the result of negligence. . . . Negligence of a party or [its] counsel is insufficient for purposes of § 52-212 to set aside a default judgment." (Internal quotation marks omitted.)).

In the present case, the court found, inter alia, that the defendant's proffered justification for failing to file a timely pleading did not satisfy the second prong of § 52-212 (a) because it was rooted in the defendant's own negligence. In its order denying the defendant's motion to open, the court stated: "The court cannot say that the defendant was prevented by mistake, accident, or excusable neglect from timely raising his potential defenses, as it appears that he neglected to raise them by his own negligence." On the basis of our review of the record, we conclude that the trial court did not abuse its discretion in reaching that conclusion.

The only reason the defendant offered for his failure to timely plead was that he "mistakenly believ[ed] that he had additional time to plead . . . ." He admits that he missed the requisite deadline because he had an "erroneous understanding of the time constraints at issue . . . ."[8] Although the defendant labels his failure

---

[8] "We are mindful that [i]t is the established policy of the Connecticut courts to be solicitous of [self-represented] litigants and when it does not interfere with the rights of other parties to construe the rules of practice liberally in favor of the [self-represented] party. . . . Nonetheless, [a]lthough we allow [self-represented] litigants some latitude, the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law." (Internal quotation marks omitted.) *Anderson-Harris* v. *Harris*, 221 Conn. App. 222, 240 n.15, 301 A.3d 1090 (2023). We note, however, as the trial court did, that, although the defendant is a self-represented party, he is also a former attorney who has more legal training than most self-represented litigants.

to timely file his answer a "mistake," we conclude that the trial court did not abuse its discretion in determining that the defendant's proffered reason for failing to file a timely pleading constituted inexcusable negligence or ignorance of the law. See *Purtill* v. *Cook*, 197 Conn. App. 22, 27, 231 A.3d 245 (2020) (court did not abuse its discretion in denying motion to open where "the defendant had appeared and actively participated in pleadings, yet still failed to timely file his answer" (internal quotation marks omitted)); *Berzins* v. *Berzins*, 105 Conn. App. 648, 653, 938 A.2d 1281 (defendant's failure to appear was result of negligence where "[t]he defendant was served with notice of [the] action and did nothing"), cert. denied, 289 Conn. 932, 958 A.2d 156 (2008); *Fontaine* v. *Thomas*, 51 Conn. App. 77, 83, 720 A.2d 264 (1998) ("[A]lthough the defendant had actual notice of the pending case . . . he failed to take any action . . . . [Although] his mistaken perception of what steps he had to take [may have] prevented him from defending, his error does not constitute a . . . mistake . . . ."); see also 47 Am. Jur. 2d 51–52, Judgments § 659 (2017) (" '[M]istake,' 'inadvertence,' and 'excusable neglect' warranting relief from judgment require some justification for an error beyond mere carelessness or ignorance of the law on the part of the litigant or his or her attorney. Moreover, mistake of law does not constitute grounds to set aside a judgment due to mistake, inadvertence, surprise, or excusable neglect." (Footnote omitted.)).

Having determined that the defendant's motion fails under the second prong of § 52-212 (a), we need not decide whether the trial court properly determined that the defendant's motion also failed to demonstrate that a good defense existed at the time of judgment. See, e.g., *Karanda* v. *Bradford*, 210 Conn. App. 703, 714, 270 A.3d 743 (2022) ("because the movant must satisfy both

prongs of this analysis, failure to meet either prong is fatal to its motion" (internal quotation marks omitted)).

We therefore conclude that the court did not abuse its discretion in denying the defendant's motion to open the judgment.

The judgment is affirmed.

In this opinion the other judges concurred.