GENUNG'S, INC. *v.* EDNA M. RICE

APPELLATE SESSION OF THE SUPERIOR COURT

FILE NO. 172

Argued November 21, 1975—decided March 12, 1976

*Bruce A. Morrison,* for the appellant (defendant).

*Richard Scalo,* for the appellee (plaintiff).

SPONZO, J. This action was instituted on December 4, 1973, and was made returnable on the second Tuesday of January, 1974. Service of the writ was made on December 14, 1973, on the "named defendant Edna M. Rice by leaving at his [sic] usual place of abode at 616 Winchester Avenue, New Haven, a true and attested copy hereof, with my endorsement thereon." On January 17, 1974, a motion for default for failure to appear, judgment and order of payments, together with an affidavit of debt, bill of particulars, and military affidavit, were filed with the clerk of the court. Judgment in the amount of $885.04, including attorneys' fees and costs, was rendered on February 11, 1974, and the defendant was further ordered to make weekly payments in the amount of $2.00. The plaintiff notified the defendant of the judgment by mail on February 19, 1974.

On June 7, 1974, an attorney for the defendant appeared specially and filed a motion to vacate the judgment and recall a wage execution issued on March 28, 1974. In her motion, filed pursuant to § 52-212 of the General Statutes and § 286 of the Practice Book, the defendant alleged that she had no notice of the pendency of this action prior to judgment and that she had good defenses to the action on the grounds that (1) the court lacked jurisdiction over her person, (2) service was not made in accordance with § 52-57 of the General Statutes, (3) the action was brought in a court of improper and illegal venue, and (4) the action was barred by § 37-8 of the General Statutes. That

motion was set down for a hearing on July 8, 1974, and, because of the failure of the defendant's attorney to appear in court, it was denied by the court at the request of the plaintiff. On July 12, 1974, the defendant filed a motion requesting the court to rescind the action of July 8, 1974, on the ground that the defendant's attorney did not receive notice prior to the hearing set for 11:00 a.m. on July 8, and was, in fact, present in another court. A hearing was held on September 23, 1974, on the motion to rescind as well as the motion to vacate. Both motions were denied on the same date.

This appeal is concerned with the denial of both motions. It is apparent that the trial court erred in stating incorrectly that it had denied the motion to rescind the action of July 8, 1974. Since the motion to vacate the judgment was actually heard on the merits on September 23, 1974, and a finding was made by the court at the request of the defendant on appeal, the denial of the motion to rescind is harmless error.

With respect to the motion to vacate the judgment, the court found, after the defendant's motion to correct the finding, that service of the original writ, summons and complaint was made on the defendant on December 14, 1973, and that a default judgment was rendered on February 11, 1974. The court then concluded that the defendant was properly served and that the defendant was not prevented from appearing by mistake, accident, or other reasonable causes, but through her own negligence.

In her assignments of error, the defendant has listed errors apparent on the face of the record as well as errors in the conduct of the evidentiary hearing to the court. The assignments of error relative to the court's failure to correct many of

the findings are irrelevant because this court has found error in connection with the denial of the motion to rescind. Other corrections requested are immaterial. We shall consider the assignment of error which deals with the failure of the court to correct its finding by adding the following: that no personal in-hand service was made on the defendant nor read to the defendant; that the defendant did not receive a copy of the writ, summons and complaint prior to the entry of judgment; and that the defendant's residence at 616 Winchester Avenue is a multi-unit structure containing three apartments. In her draft finding, the defendant did not request a finding of those facts as required by § 979 of the Practice Book. An examination of the transcript, however, reveals that evidence was offered by the defendant, which was uncontradicted. Justice and equity compel this court to correct the finding. Also, this court corrects the finding by deleting that portion in which the court found that the default for failure to appear was entered on January 17, 1974, since the record reveals that that default was entered on February 11, 1974.

The principal assignment of error relates to the conclusion of the court that the defendant was properly served on December 14, 1973. In granting relief under § 52-212 of the General Statutes, "the orderly administration of justice requires that relief be denied unless the moving party alleges and shows reasonable cause for relief under the statute." *Testa* v. *Carrolls Hamburger System, Inc.,* 154 Conn. 294, 300; *Munch* v. *Willametz,* 156 Conn. 6, 11. Accordingly, the burden of proving the allegations contained in the defendant's motion to vacate the judgment rested on her. Sections 52-54 and 52-57 of the General Statutes provide the methods of service of a writ or process, one of which is to leave an attested copy at the defendant's usual place

of abode. In *Smith* v. *Smith,* 150 Conn. 15, 19–20, it is stated that in personam service can be obtained by either actual manual delivery or abode service, which is only a step removed from manual service and serves the same dual function of conferring jurisdiction and giving notice. The chief purpose of service is to ensure actual notice that an action is pending and the place where one would be most likely to have knowledge of service by copy would be at his usual place of abode. *Clegg* v. *Bishop,* 105 Conn. 564, 569.

The sheriff's return indicating that he made service by leaving an attested copy at the defendant's place of abode at 616 Winchester Avenue, New Haven, is prima facie evidence of the facts stated therein. *Jenkins* v. *Bishop Apartments, Inc.,* 144 Conn. 389, 390; *Cugno* v. *Kaelin,* 138 Conn. 341, 343. It is true that those facts may be contradicted and other facts introduced to show otherwise. At the hearing on September 23, 1974, the defendant testified briefly to the effect that her address was 616 Winchester Avenue, that no in-hand service was made, that her residence at 616 Winchester Avenue is a multi-unit structure, consisting of three apartments, and that she did not receive a copy of the writ. The defendant did not sustain her burden of proof that she was not served in compliance with the provisions of § 52-54. No evidence was presented, for example, to describe the type of building in which she resides or the location of her apartment as well as its outside door, or whether the other apartments were occupied.

The defendant relies on such cases as *Cugno* v. *Kaelin,* supra, and *Clover* v. *Urban,* 108 Conn. 13, for support. Those cases, however, can be distinguished because evidence was presented to indicate the exact location of the litigant's apartment as well as the point of service, and it was held in

those cases that the presumption created by the prima facie evidence of the officer's return was completely rebutted. That is not the situation presented in this case. As a matter of fact, the defendant, in her brief, concedes that the record in this case is not completely clear as to the character of the building as a multi-unit house.

The defendant also claims that the court erred in concluding that she was not prevented from appearing by mistake, accident or other reasonable cause. That assignment must fail in view of our holding that the court's finding supports its conclusion that the defendant was properly served.

The defendant relied solely on lack of jurisdiction to support her motion to vacate the judgment and offered no other evidence to justify the reopening of the judgment. The conclusion of the court that the failure of the defendant to appear was due to her own negligence is not supported by the subordinate facts found. It is harmless error, however, because the other conclusions reached, which are supported by the subordinate facts, are sufficient to warrant the judgment without reliance on this additional fact.

There is no error.

In this opinion SPEZIALE and D. SHEA, Js., concurred.