******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

LISHA LEWIS ET AL. *v.* ANTHONY BOWDEN
(AC 37741)

DiPentima, C. J., and Keller and Bishop, Js.

*Argued April 14—officially released June 21, 2016*

(Appeal from Superior Court, judicial district of New Haven, Emons, J.)

*Anthony Bowden*, self-represented, the appellant (defendant).

*Gail M. Lawrence*, assistant attorney general, with whom, on the brief, were *George Jepsen*, attorney general, and *Sean Kehoe*, assistant attorney general, for the appellee (plaintiff).

*Opinion*

PER CURIAM. The self-represented defendant, Anthony Bowden, appeals from the judgment of the Superior Court denying his motion to open a judgment of paternity rendered against him in 1982. We affirm the court's judgment.

The following facts are not in dispute. On March 24, 1979, the plaintiff Lisha Lewis, now deceased,[1] gave birth to a child. On February 18, 1982, the plaintiff filed a paternity petition naming the defendant as the child's father. On March 1, 1982, the court, *Falsey, J.*, rendered a default judgment of paternity against the defendant, adjudicating the defendant to be the child's father. For over twenty years, no action was taken in this case. However, on October 26, 2009, the defendant filed a motion to open the default judgment of paternity, which was denied by a family support magistrate. Following this denial, the defendant filed three more motions to open the judgment of paternity, which were all denied for various procedural reasons. Finally, on July 3, 2014, the defendant filed his fifth motion to open the judgment of paternity, which the court, *Emons, J.*, denied on January 23, 2015, following a hearing. This appeal followed.

"In an appeal from a denial of a motion to open a judgment, our review is limited to the issue of whether the trial court has acted unreasonably and in clear abuse of its discretion. . . . In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action. . . . The manner in which [this] discretion is exercised will not be disturbed so long as the court could reasonably conclude as it did." (Internal quotation marks omitted.) *Weinstein* v. *Weinstein*, 275 Conn. 671, 685, 882 A.2d 53 (2005).

A motion to open a default judgment is governed by General Statutes § 52-212, which provides in relevant part: "Any judgment rendered or decree passed upon a default or nonsuit in the Superior Court may be set aside, within four months following the date on which it was rendered or passed, and the case reinstated on the docket, on such terms in respect to costs as the court deems reasonable, upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of the judgment or the passage of the decree, and that the plaintiff or defendant was prevented by mistake, accident or other reasonable cause from prosecuting the action or making the defense. . . ." "Because of the important consideration of finality of judgments, however, a judgment should not be opened without a strong and compelling reason . . . [such as] when there appears cause for which the court acting reason-

ably would feel bound in duty so to do." (Citations omitted; internal quotation marks omitted.) *Martin* v. *Martin*, 99 Conn. App. 145, 156, 913 A.2d 451 (2007).

We further note that "[w]hile . . . [i]t is the established policy of the Connecticut courts to be solicitous of [self-represented] litigants and when it does not interfere with the rights of other parties to construe the rules of practice liberally in favor of the [self-represented] party . . . we are also aware that [a]lthough we allow [self-represented] litigants some latitude, the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law." (Citation omitted; internal quotation marks omitted.) *Keating* v. *Ferrandino*, 125 Conn. App. 601, 604, 10 A.3d 59 (2010).

Our review of the record leads us to conclude that the court's denial of the defendant's motion to open was not an abuse of discretion. The defendant made no showing of "reasonable cause, or that a . . . defense . . . existed at the time of the . . . judgment . . . and that [he] was prevented by mistake, accident or other reasonable cause from . . . making the defense." General Statutes § 52-212 (a). In fact, the defendant offered no explanation for why nearly thirty years passed before he tried to open the judgment. Under these circumstances and making every reasonable presumption in favor of the court's action, we do not conclude that the court abused its discretion in denying the defendant's motion to open.

The judgment is affirmed.

[1] The state of Connecticut is also a plaintiff in this case and has the authority to defend the appeal on behalf of Lewis pursuant to General Statutes § 46b-160 (a) (1) (A) and (B). For convenience, we refer in this opinion to Lewis as the plaintiff.

───────────────────