Mercedes-Benz Financial *v.* 1188 Stratford Avenue, LLC

MERCEDES-BENZ FINANCIAL *v.* 1188
STRATFORD AVENUE, LLC, ET AL.
(SC 20754)

Robinson, C. J., and McDonald, D'Auria, Mullins,
Ecker, Alexander and Dannehy, Js.*

*Syllabus*

The plaintiff financing company sought to recover damages from the defendants, a limited liability company and its principal, D, for breach of contract in connection with the defendants' alleged failure to make payments under a motor vehicle lease agreement. After the defendants were defaulted for failure to appear, the trial court granted the plaintiff's motion for judgment and rendered a default judgment for the plaintiff. Less than four months later, and more than two years after the plaintiff had commenced its action, the defendants moved to open and set aside the default judgment pursuant to statute ((Rev. to 2019) § 52-212). In an affidavit accompanying the motion to open, D attested that the vehicle in question had serious defects that made it dangerous to operate and that the defendants had declared the lease void and returned the vehicle to the car dealership from which it was leased. D further attested that he mistakenly thought that the case had been resolved, that there were good defenses to the plaintiff's action, including breach of warranties and misrepresentations, and that the defendants would file a counterclaim when the judgment was opened. The plaintiff objected, and, after a hearing, the trial court denied the motion to open, concluding that the motion had been untimely filed and had no basis. The defendants appealed to the Appellate Court, which acknowledged that the trial court incorrectly had determined that the motion was untimely but determined that the trial court had not abused its discretion in denying the motion on the ground that it had no basis. On the granting of certification, the defendants appealed to this court.

*Held* that the Appellate Court incorrectly concluded that the trial court had not abused its discretion in denying the defendants' motion to open, and, accordingly, this court reversed the Appellate Court's judgment and remanded with direction to reverse the trial court's judgment and for further proceedings:

* This case originally was scheduled to be argued before a panel of this court consisting of Chief Justice Robinson and Justices McDonald, D'Auria, Mullins, Ecker Alexander and Dannehy. Although Chief Justice Robinson was not present at oral argument, he has read the briefs and appendices, and listened to a recording of the oral argument prior to participating in this decision.

348 Conn. 796　　　　APRIL, 2024　　　　797

Mercedes-Benz Financial *v.* 1188 Stratford Avenue, LLC

The legal standard set forth in § 52-212 (a) for opening default judgments, pursuant to which a movant must establish that a good defense existed at the time the trial court rendered judgment and that the movant was prevented from asserting that defense because of mistake, accident, or other reasonable cause, applies when the motion to open is timely filed, that is, within four months of the date the trial court rendered judgment, whereas, once that four month window has lapsed, the trial court has the inherent authority to open a judgment when the movant establishes that the judgment was obtained by fraud, duress, or mutual mistake, or, under certain circumstances, when newly discovered evidence exists to challenge the judgment.

In the present case, it was undisputed that the trial court's timeliness determination was incorrect because the defendants had timely moved to open the judgment within four months of the date the trial court rendered it, and this court could not conclude that this critical error did not affect the trial court's determination as to which legal standard to apply in ruling on the merits of the motion or did not adversely impact the trial court's exercise of discretion under the proper legal standard.

Although it was unclear which legal standard the trial court had applied in concluding that there was no basis for the motion to open, the trial court's application of either standard constituted an abuse of its discretion.

Specifically, if the trial court's decision that the motion was untimely led it to deny the motion on the ground that the defendants had failed to establish that the judgment was procured by fraud, duress, or mutual mistake, its decision would have been unfounded both because the motion was timely and there was no discussion or mention by the trial court of fraud, duress, or mutual mistake, and if the trial court determined that the motion was untimely and also had no basis because the defendants had failed to satisfy the two part test prescribed by § 52-212 (a), then its decision would have resulted from the application of an incorrect legal standard, that is, the standard applicable to timely filed motions to open.

Moreover, the trial court's misapprehension of the timeliness of the motion impacted not only which legal standard to apply, but also its consideration of whether the defendants had satisfied § 52-212 (a).

Accordingly, the trial court's decision whether to grant the defendants' motion to open was founded on an improper subsidiary determination, namely, its erroneous determination that the defendants' motion was untimely, reversal of the Appellate Court's judgment was necessary because an injustice apparently occurred, and, on remand, the defendants were entitled to an evidentiary hearing, before a different judge with a correct understanding that the defendants' motion was timely filed, at

Mercedes-Benz Financial *v.* 1188 Stratford Avenue, LLC

which they will have the opportunity to satisfy the requirements of § 52-212 (a).

(*Two justices dissenting in one opinion*)

Argued November 15, 2023—officially released April 16, 2024

*Procedural History*

Action to recover damages for breach of contract, and for other relief, brought to the Superior Court in the judicial district of Ansonia-Milford, where the defendants were defaulted for failure to appear; thereafter, the court, *Hon. Arthur A. Hiller*, judge trial referee, granted the plaintiff's motion for judgment and rendered judgment for the plaintiff; subsequently, the court denied the defendants' motion to open and set aside the judgment, and the defendants appealed to the Appellate Court, *Bright, C. J.*, and *Moll, J.*, with *Prescott, J.*, dissenting, which affirmed the trial court's judgment, and the defendants, on the granting of certification, appealed to this court. *Reversed*; *further proceedings*.

*Daniel D. Skuret III*, with whom was *Patrick D. Skuret*, for the appellants (defendants).

*Gary J. Greene*, for the appellee (plaintiff).

*Opinion*

D'AURIA, J. In this certified appeal, the defendants, Aniello Dizenzo and his company, 1188 Stratford Avenue, LLC (company), appeal from the Appellate Court's judgment affirming the trial court's denial of their motion to open the judgment rendered in favor of the plaintiff, Mercedes-Benz Financial. On appeal, the defendants claim that the Appellate Court incorrectly concluded that the trial court had not abused its discretion by denying their motion to open as untimely and with no basis, even though the defendants timely filed their motion. We agree and, therefore, reverse the Appellate Court's judgment.

Mercedes-Benz Financial *v.* 1188 Stratford Avenue, LLC

The Appellate Court's opinion aptly recites the facts and procedural history required to resolve this appeal; see *Mercedes-Benz Financial* v. *1188 Stratford Avenue, LLC*, 213 Conn. App. 739, 280 A.3d 120 (2022); which we summarize along with other undisputed facts in the record. In 2012, the defendants entered into a motor vehicle lease agreement (agreement) with a dealership in Fairfield for a 2013 Mercedes-Benz (vehicle). Dizenzo signed the agreement on his company's behalf and also in his individual capacity as guarantor. The agreement provided that the defendants would make monthly lease payments to the plaintiff.

In February, 2017, the plaintiff brought the underlying breach of contract action against the defendants, alleging that they had stopped making the lease payments due under the agreement. Neither defendant filed an appearance. The plaintiff moved to default the defendants for failure to appear, which the trial court clerk granted. The plaintiff then moved for judgment and for an order of weekly payments. On May 13, 2019, the court granted the motion and rendered judgment for the plaintiff in the amount of $11,734.61, and awarded the plaintiff postjudgment interest at the annual rate of 8 percent pursuant to General Statutes § 37-3a. The court further ordered the defendants to pay the plaintiff $35 each week. The plaintiff sent a notice of this judgment to the defendants.

Less than four months after the court rendered judgment for the plaintiff, the defendants, on July 29, 2019, moved to open the judgment pursuant to General Statutes (Rev. to 2019) § 52-212.[1] The defendants contended that the "vehicle continuously [had] serious defects

---

[1] All references to § 52-212 are to the 2019 revision of the statute. Additionally, although the defendants titled their motion, "motion to set aside judgment," and did not expressly cite any supporting legal authority, it later became clear that § 52-212 was the basis for their motion. The plaintiff does not contend otherwise.

with [it] which made operating it dangerous'' and that the required repairs would have taken several months to complete. The defendants declared the lease void and left the vehicle with the dealer because the vehicle could not function properly. As a result, the defendants claimed that they had to expend additional funds to secure a replacement vehicle. The defendants further asserted that, ''when they were sued in 2017, [they] mistakenly thought this matter was resolved, and [they] did not hear anything else until June of 2019 when [they] received notice of judgment.'' The defendants further claimed that they ''ha[d] good defenses to the plaintiff's claim based on breach of warranties and misrepresentations and [would] file a counterclaim . . . when the judgment is [opened].'' The defendants supported their motion with Dizenzo's affidavit, in which he repeated these claims essentially verbatim.

The plaintiff objected to the motion to open, claiming that the defendants had neither alleged nor demonstrated good cause as to why the court should open the judgment and had failed to offer any valid defenses or affirmative claims against the plaintiff's cause of action. The plaintiff further contended that the defendants ''should not be permitted to sit on their rights for over two years during the pendency of this case and now attempt to open the judgment.''

Pursuant to the defendants' request, the court conducted a hearing for the parties to present oral arguments on the motion. The court initially questioned whether the defendants had timely filed the motion to open within four months from when judgment was rendered, as § 52-212 requires. The courtroom clerk and the defendants' counsel accurately reported to the court that the July 29, 2019 motion to open was filed within four months of the court's rendering judgment on May 13, 2019, and the court responded: ''So, we are barely in time.'' The defendants' counsel then explained the

Mercedes-Benz Financial *v.* 1188 Stratford Avenue, LLC

basis for the motion. Specifically, he contended that the defendants had taken no action in response to this lawsuit because the plaintiff accepted the vehicle's return, the plaintiff had informed them that this action was not going to go forward, and the plaintiff waited two years to attempt to collect the judgment against the defendants. The defendants' counsel further argued that the defendants were seeking to open the judgment to conduct discovery and to file a counterclaim against the plaintiff based on problems with the vehicle. The plaintiff's counsel denied the defendants' version of events, contending that the defendants' prospective claims and defenses would be time barred because the lease agreement was signed in 2012, and their problems with the vehicle were immaterial because the plaintiff was only the "financing entity," not the car dealer. When the court expressed concern that Dizenzo's affidavit might not suffice to support the motion to open, the defendants' counsel requested a one week continuance to present evidence at an evidentiary hearing to support the motion. The court did not expressly rule on the defendants' request for a hearing. Rather, at the end of hearing, the court orally denied the motion on the grounds that "[i]t's untimely and it has no basis." The same day, the court issued a written order denying the motion, stating: "Motion is untimely with no basis."

The defendants appealed to the Appellate Court, claiming, among other things, that, because their motion to open had been timely filed, the trial court abused its discretion in denying the motion. *Mercedes-Benz Financial* v. *1188 Stratford Avenue, LLC*, supra, 213 Conn. App. 748, 750. The plaintiff agreed that the trial court incorrectly had determined that the defendants' motion was untimely but argued that, in denying the motion, the court nevertheless properly exercised its discretion because the defendants had failed to satisfy

the two part test to determine the timeliness of motions to open under § 52-212 (a). Id., 748–49.

In a split decision, the Appellate Court affirmed the trial court's denial of the motion to open. Id., 740, 755. The majority acknowledged that the trial court incorrectly had determined that the motion to open was untimely. Id., 750. The majority nevertheless held that the trial court had not abused its discretion in denying the motion to open on the additional ground that the motion " 'ha[d] no basis' "; id.; because the motion to open and Dizenzo's affidavit failed to establish the second prong of the § 52-212 (a) test, namely, that the defendants' failure to appear and raise a defense was excused by reasonable cause. Id., 753. Specifically, the majority concluded that the defendants' mistaken belief that the matter was resolved did not suffice to establish "reasonable cause" to excuse their failure to take any action in response to the pending action. Id. Judge Prescott dissented, contending that the trial court's improper timeliness determination likely tainted its decision on the merits of the motion to open and that it was unclear which standard the trial court had applied when it concluded that the motion had no basis. Id., 755–56. In Judge Prescott's view, the defendants "are entitled to have that motion adjudicated by a trial court that is not laboring under the misapprehension that the motion was late." Id., 756. This certified appeal followed.[2]

---

[2] We granted certification on the following issue: "Did the Appellate Court incorrectly conclude that the trial court had not abused its discretion when it denied the defendants' motion to open the judgment as untimely and without substance despite the fact that the motion was timely filed?" *Mercedes-Benz Financial* v. *1188 Stratford Avenue, LLC*, 345 Conn. 910, 283 A.3d 505 (2022). On appeal to the Appellate Court, the defendants also claimed that the trial court had abused its discretion by denying their oral request to continue the hearing on the motion and to allow them to present evidence in addition to the affidavit to support their motion. *Mercedes-Benz Financial* v. *1188 Stratford Avenue, LLC*, supra, 213 Conn. App. 740. The Appellate Court rejected this claim. See id., 753–55. Although the defendants appear to renew this claim in their brief to this court, we need not address it because we conclude that the trial court abused its discretion in denying the motion to open.

"Whether proceeding under the common law or a statute, the action of a trial court in granting or [denying a motion] to open a judgment is, generally, within the judicial discretion of such court, and its action will not be disturbed on appeal unless it clearly appears that the trial court has abused its discretion." (Internal quotation marks omitted.) *U.S. Bank National Assn.* v. *Rothermel*, 339 Conn. 366, 381, 260 A.3d 1187 (2021). "In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action. . . . The manner in which [this] discretion is exercised will not be disturbed [as] long as the court could reasonably conclude as it did." (Internal quotation marks omitted.) *Conroy* v. *Idlibi*, 343 Conn. 201, 204, 272 A.3d 1121 (2022).

"The court's discretion, however, is not unfettered . . . ." (Internal quotation marks omitted.) *Harris* v. *Neale*, 197 Conn. App. 147, 157, 231 A.3d 357 (2020); see also *Cook* v. *Lawlor*, 139 Conn. 68, 71, 90 A.2d 164 (1952). "[D]iscretion imports something more than leeway in decision-making. . . . It means a legal discretion, to be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice. . . . [T]he court's discretion should be exercised mindful of the policy preference to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant his day in court." (Citation omitted; internal quotation marks omitted.) *Costello* v. *Goldstein & Peck, P.C.*, 321 Conn. 244, 255–56, 137 A.3d 748 (2016). Sound discretion "requires a knowledge and understanding of the material circumstances surrounding the matter . . . ." (Internal quotation marks omitted.) *Krevis* v. *Bridgeport*, 262 Conn. 813, 819, 817 A.2d 628 (2003). Additionally, an "abuse of discretion exists when a court . . . has decided [the matter] based on improper or irrelevant factors." (Internal quotation marks omit-

ted.) *State* v. *Jackson*, 334 Conn. 793, 811, 224 A.3d 886 (2020). "[R]eversal is required where the abuse is manifest or where injustice appears to have been done." (Internal quotation marks omitted.) *Burton* v. *Browd*, 258 Conn. 566, 570, 783 A.2d 457 (2001).

The threshold determination of whether a motion to open is timely filed is critical because it determines which of two different legal standards the trial court must apply when ruling on the motion. First, as the Appellate Court majority accurately noted, a timely motion to open is governed by § 52-212 (a), which provides in relevant part: "Any judgment rendered or decree passed upon a default or nonsuit in the Superior Court may be set aside, *within four months* following the date on which it was rendered or passed, and the case reinstated on the docket . . . upon the complaint or written motion of any party or person prejudiced thereby, *showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of the judgment or the passage of the decree, and that the plaintiff or defendant was prevented by mistake, accident or other reasonable cause from prosecuting the action or making the defense.*" (Emphasis added.) General Statutes (Rev. to 2019) § 52-212 (a); see also Practice Book § 17-43 (a). This rule is "motivated by the policy that [o]nce a judgment [is] rendered it is to be considered final and it should be left undisturbed by [posttrial] motions except for a good and compelling reason. . . . Otherwise, there might never be an end to litigation." (Citation omitted; internal quotation marks omitted.) *Chapman Lumber, Inc.* v. *Tager*, 288 Conn. 69, 107, 952 A.2d 1 (2008). Accordingly, to prevail on a motion to open timely filed within the four month window, § 52-212 (a) requires that the movant make a two part showing: (1) that a good defense, the nature of which must be set forth, existed at the time the trial court rendered judgment, and (2) that the movant was prevented from mak-

348 Conn. 796 APRIL, 2024 805

Mercedes-Benz Financial *v.* 1188 Stratford Avenue, LLC

ing that defense because of mistake, accident, or other reasonable cause. See, e.g., *In re Joseph W.*, 301 Conn. 245, 264 n.21, 21 A.3d 723 (2011); *Flater* v. *Grace*, 291 Conn. 410, 419, 969 A.2d 157 (2009).

Second, but missing from the Appellate Court majority opinion, is any mention of that part of the test for determining whether to grant a motion to open, which provides that, once the § 52-212 (a) four month window expires, the trial court has inherent authority, "independent of [any] statutory provisions, to open a judgment obtained by fraud, in the actual absence of consent, or by mutual mistake at any time." (Internal quotation marks omitted.) *Wolfork* v. *Yale Medical Group*, 335 Conn. 448, 469, 239 A.3d 272 (2020); see also *Reville* v. *Reville*, 312 Conn. 428, 441, 93 A.3d 1076 (2014). The two part test prescribed by § 52-212 (a) does not apply to untimely motions filed outside the four month window. Rather, to prevail on a motion to open filed outside this window, a movant must establish that the judgment was "obtained by fraud, duress or mutual mistake or, under certain circumstances, where newly discovered evidence exists to challenge the judgment . . . ." *Flater* v. *Grace*, supra, 291 Conn. 418; see also *Reville* v. *Reville*, supra, 441.

We conclude that the trial court abused its discretion by denying the motion to open on the grounds that it was untimely and that it had no basis. It is undisputed by the parties, as well as by the dissent in this appeal and both opinions in the Appellate Court, that the trial court's timeliness determination was incorrect because the defendants' July 29, 2019 motion to open was filed well within four months of the May 13, 2019 judgment pursuant to § 52-212 (a). Even the trial court initially recognized at the hearing that the motion was timely filed within the four month time frame in § 52-212 (a). And yet, its ruling, determining that the motion to open was untimely, manifested a misunderstanding that it

was filed outside the four month window contained in § 52-212 (a).

We cannot conclude that this critical error did not either affect the trial court's determination as to which legal test to apply in ruling on the merits of the motion or adversely impact the court's exercise of discretion under the proper legal test. It is true, as the dissent points out, that a "trial court's ruling is entitled to the reasonable presumption that it is correct unless the party challenging the ruling has satisfied its burden demonstrating the contrary." (Internal quotation marks omitted.) *State* v. *Milner*, 325 Conn. 1, 13, 155 A.3d 730 (2017); see also *AGW Sono Partners, LLC* v. *Downtown Soho, LLC*, 343 Conn. 309, 342 n.28, 273 A.3d 186 (2022) ("when a trial court's memorandum of decision is ambiguous as to the burden of proof applied, it is the responsibility of the appellant . . . to move . . . for an articulation on that point"). However, "[a] presumption of correctness will not carry the day when there is evidence that the trial court failed to follow the applicable law." *Mitchell* v. *State*, 338 Conn. 66, 78, 257 A.3d 259 (2021). Like Judge Prescott in his dissenting opinion in the Appellate Court, we are "unwilling to apply the normal presumption regarding the correctness of a trial court's decision in light of the clear error of the court's determination that the motion was not filed within four months of the date judgment was rendered." *Mercedes-Benz Financial* v. *1188 Stratford Avenue, LLC*, supra, 213 Conn. App. 756 (*Prescott, J.*, dissenting). This is because, although the record does not conclusively establish whether the trial court's alternative determination that the motion had "no basis" resulted from its application of the two part § 52-212 (a) legal standard, or the legal standard for fraud, duress, or mutual mistake,[3] we conclude that the trial court's application of either legal standard constituted an abuse of discretion.

---

[3] To avoid the need to resort to presumptions, it would have been more prudent for the trial court to state the factual and legal bases for its decision,

Mercedes-Benz Financial *v.* 1188 Stratford Avenue, LLC

Specifically, if the trial court's decision that the motion was untimely led it to deny the motion on the ground that the defendants had failed to establish that the judgment was procured by fraud, mutual mistake, or duress, then its decision was unfounded both because the motion was timely and because there was no discussion or mention of fraud, duress, or mutual mistake. Thus, the trial court could not have properly made such a determination. Alternatively, if, as the Appellate Court majority held and the dissent presumes, the trial court determined that the motion was untimely and also had no basis because the defendants had failed to meet the two part test in § 52-212 (a), then its decision resulted from its application of an incorrect legal standard under the trial court's own reasoning. Because the two part test applies only to *timely* motions to open, we cannot agree with the Appellate Court that the trial court could have erroneously determined that the motion to open was *untimely* and yet properly applied the correct legal standard for *timely* motions to open. See *State* v. *Jackson*, supra, 334 Conn. 811; *Krevis* v. *Bridgeport*, supra, 262 Conn. 819.

Moreover, the trial court's misapprehension of the timeliness of the defendants' motion to open not only impacted *which* legal standard to apply, but also *whether* the defendants had satisfied § 52-212. For example, the first part of the test requires that the movant establish that a good cause of action or defense existed at the time the trial court rendered the judgment. See *Flater* v. *Grace*, supra, 291 Conn. 419. The court's discretionary determination as to whether a good defense existed may potentially include consider-

as required by Practice Book §§ 6-1 (a) and 64-1 (a), or for the defendants to seek an articulation pursuant to Practice Book § 66-5. As we explain, however, under the circumstances of this case, the basis the trial court provided for its decision was indisputably inaccurate such that neither an articulation nor further explication was necessary for us to review and order the reversal of its decision.

ation of whether the defendants' prospective claims would be time barred, or whether the passage of time otherwise hindered their claims. Likewise, the second part of the test in § 52-212 (a) requires the trial court to assess whether the movant established that mistake, accident, or other reasonable cause prevented the movant from prosecuting the action or presenting a good defense. See id. This inquiry has a temporal component because, as the Appellate Court majority noted, depending on the circumstances presented, it may include consideration of the length of time that the defendants were prevented from asserting such a defense and did not appear in this action.[4] See *Mercedes-Benz Financial* v. *1188 Stratford Avenue, LLC*, supra, 213 Conn. App. 751–52. In fact, the temporal component was a primary point of contention at the hearing. The defendants used the existence of the two year delay to support their claim that the plaintiff never intended to pursue this action. In contrast, the plaintiff primarily argued in opposition to the motion to open that the defendants had waited two years to contest the action. The trial court's decision cannot stand under these circumstances.

It is therefore manifest that the court's erroneous timeliness determination impacted its decision as to whether to open the judgment. Although we do not frequently upset a trial court's discretionary rulings, we

---

[4] As the dissent correctly notes, § 52-212 requires that the "motion must be timely" and that, "the trial court, in concluding that § 52-212 was not satisfied, could have found that any one of these elements, or any combination thereof, had not been established." Thus, to determine whether the defendants had met the § 52-212 standard, the trial court was required to analyze whether the motion was timely, but that determination necessarily was infected by its lone, and erroneous, factual finding that the motion was untimely.

Likewise, the determination of whether to open a judgment beyond the four month limitation in § 52-212 (a) based on fraud, duress, or mutual mistake is partially contingent on how diligent the movant was in attempting to discover and expose the fraud. See *Chapman Lumber, Inc.* v. *Tager*, supra, 288 Conn. 107.

Mercedes-Benz Financial *v.* 1188 Stratford Avenue, LLC

must do so when the court's determination is predicated on a misapprehension of fact or law. See, e.g., *Reville* v. *Reville*, supra, 312 Conn. 450 (trial court abused its discretion in denying motion to open on basis of "unconventional analysis" and improper subsidiary determination); *Austin-Casares* v. *Safeco Ins. Co. of America*, 310 Conn. 640, 653–54, 81 A.3d 200 (2013) (trial court abused its discretion in denying motion to intervene because its decision was predicated on improper legal determination that motion was time barred); *Collins* v. *Anthem Health Plans, Inc.*, 266 Conn. 12, 49, 836 A.2d 1124 (2003) (trial court abused its discretion in denying motion for class certification because it failed to apply proper legal standard); *Burton* v. *Browd*, supra, 258 Conn. 571 (Appellate Court abused its discretion in dismissing appeal because its decision was founded on incorrect fact that plaintiff had failed to move to substitute defendant's estate in trial court); *State* v. *Sierra*, 213 Conn. 422, 436, 568 A.2d 448 (1990) (trial court abused its discretion in admitting evidence because it failed to perform necessary legal test). Here, the trial court's decision constituted an abuse of discretion because it was founded on an improper subsidiary determination.

Finally, reversal of the Appellate Court's judgment is required because an injustice appears to have been done. See, e.g., *Burton* v. *Browd*, supra, 258 Conn. 570. We agree with the sentiment of Judge Prescott, expressed in his dissent in the Appellate Court, that, "regardless of the ultimate merits of the defendants' motion to open . . . they are entitled to have that motion adjudicated by a trial court that is not laboring under the misapprehension that the motion was late." *Mercedes-Benz Financial* v. *1188 Stratford Avenue, LLC*, supra, 213 Conn. App. 756 (*Prescott, J.*, dissenting). On remand, the defendants must have the opportunity to meet the two part test in § 52-212 (a) at an evidentiary hearing

before a different judge with a correct understanding that the defendants had timely filed their motion to open.[5] The trial court should consider the evidence submitted by the parties and decide in the proper exercise of its discretion whether to open the judgment "mindful of the policy preference to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant his day in court." (Internal quotation marks omitted.) *Costello* v. *Goldstein & Peck, P.C.*, supra, 321 Conn. 256.

The judgment of the Appellate Court is reversed and the case is remanded to that court with direction to reverse the trial court's judgment and to remand the case to that court for further proceedings in accordance with this opinion.

In this opinion McDONALD, ECKER, ALEXANDER and DANNEHY, Js., concurred.

MULLINS, J., with whom ROBINSON, C. J., joins, dissenting. The trial court denied the motion to open filed by the defendants, Aniello Dizenzo and 1188 Stratford Avenue, LLC, because "[it was] untimely, *and* it ha[d] no basis." (Emphasis added.) This ruling can be read in one of two ways. As the majority contends, it could mean that the court believed that the motion was untimely, and, because it was untimely, the court applied (or at least was required to apply) its inherent, common-law

_____

[5] The need for an evidentiary hearing on remand is evidenced by the dissent's consideration of the substance of the defendants' motion to open. Although the dissent artfully marshals counsels' arguments made at the original hearing, essentially none of those circumstances was established by evidence because the trial court had only Dizenzo's affidavit; indeed, there was a critical factual dispute at the hearing concerning the basis for the defendants' motion to open. Specifically, the parties' counsel at the hearing disputed whether, when, in what manner, and by which entity Dizenzo was informed that the lawsuit was not going forward. On remand, the parties will have the opportunity to submit evidence with respect to all of the substantive elements of § 52-212 (a).

Mercedes-Benz Financial *v.* 1188 Stratford Avenue, LLC

authority to review the untimely motion solely for fraud, duress, or mutual mistake. Another plausible meaning, though, is that the court denied the motion on two distinct, alternative bases: because it was untimely and also because it had no basis, i.e., it failed on its merits under General Statutes (Rev. to 2019) § 52-212.[1] In my view, this second reading is not only plausible but the far better reading, given that the trial court never once mentioned, or questioned the parties on, the elements needed to prevail on an untimely motion to open. Rather, it focused exclusively on the elements necessary to prevail under § 52-212.

Although I believe that the trial court's ruling rests on two separate bases, at worst, the ruling is unclear. Consequently, I believe that reversal is irreconcilable with our well established, highly deferential standard of review. There has been no motion for articulation to clarify which of these two readings the court intended. Under such circumstances, we typically presume that the trial court was correct and affirm the judgment if there is any legitimate basis for doing so. Here, there is such a legitimate basis: nothing in Dizenzo's affidavit in support of the defendants' motion to open established with particularity, as the defendants must under § 52-212, that they were prevented by mistake from raising a valid defense. And, after a hearing at which the trial court focused on the issue of whether the defendants' alleged mistake was a valid one that prevented them from appearing, the court concluded that the motion "ha[d] no basis." Because the defendants failed to provide a reasonable justification for their failure to appear and defend, and because the Appellate Court majority properly applied well established law, I must respectfully dissent.

Although the majority aptly lays out the facts, a few are worth highlighting to illuminate my position. Dizenzo

---

[1] All references to § 52-212 are to the 2019 revision of the statute.

Mercedes-Benz Financial *v.* 1188 Stratford Avenue, LLC

leased the subject vehicle in November, 2012, using funds provided by the plaintiff finance company, Mercedes-Benz Financial. He drove the vehicle and made his monthly payments under the lease/financing agreement for fifteen months, through February, 2014. At that point, when the dealership was unable to provide service that he deemed satisfactory, Dizenzo unilaterally declared that the agreement was void, simply left the car at the dealership, and ceased making payments to the plaintiff.

In February, 2017, when the defendants undisputedly received notice of this action, they did not file an appearance. They also filed no appearance six months later, in August, 2017, when the defendants received notice of the plaintiff's motion for default; or the following month, in September, 2017, when the defendants received notice that they had been defaulted;[2] or in May, 2019, when the defendants received notice of the plaintiff's motion for judgment; or in June, 2019, when the defendants received notice that the trial court rendered a default judgment. The defendants did not enter an appearance, engage counsel, or take any measures to defend the action until July, 2019, when they were served with postjudgment discovery. In the defendants' motion to open and Dizenzo's supporting affidavit, the only explanation offered for this ongoing failure to appear and defend the suit was the assertion that, "when he was sued in 2017, [Dizenzo] mistakenly thought this matter was resolved . . . ." The affidavit does not indicate why Dizenzo continued to hold that belief *after he was sued*, as he received a series of notices that the plaintiff was pursuing a default and, later, a default judgment.

---

[2] The notice on the default for failing to appear specifically informed the defendants that, "[i]f you file an appearance in this case before the judgment is entered against you, the default for failure to appear will automatically be set aside by the clerk. Practice Book [§] 17-20 [d]."

Mercedes-Benz Financial *v.* 1188 Stratford Avenue, LLC

I

Like the majority, I am troubled by the trial court's determination that the defendants' motion to open was untimely, after both the defendants' counsel and court staff made the court aware that the motion was timely. Even the court itself acknowledged that the motion was timely.[3] The court's ruling that the motion was untimely was clearly erroneous, as the motion was filed two months after the court rendered judgment. Unlike the majority, I do not find that that erroneous determination could not be untethered from the court's separate determination that the motion also had no basis. Nor do I find that the untimely designation dictated how the court actually conducted the hearing.

My analysis centers on the highly deferential standard by which we review a trial court's denial of a motion to open a default judgment. "Whether proceeding under the common law or a statute, the action of a trial court in granting or [denying a motion] to open a judgment is, generally, within the judicial discretion of such court, and its action will not be disturbed on appeal unless it clearly appears that the trial court has abused its discretion." (Internal quotation marks omitted.) *U.S. Bank National Assn.* v. *Rothermel*, 339 Conn. 366, 381, 260 A.3d 1187 (2021). "In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action. . . . The manner in which [this] discretion is exercised will not be disturbed [as] long as the [trial] court could reason-

_____

[3] During the hearing, the trial court miscounted the months and, as a result, believed that the defendants had failed to timely file their motion to open within four months from when judgment was rendered, as § 52-212 (a) requires. Specifically, the court thought that five months, rather than two, had passed since the judgment was rendered, but it was promptly corrected by the defendants' counsel that the motion to open was timely. Acknowledging that the motion was timely, the court responded: "All right. So, we are barely in time."

ably conclude as it did.'' (Internal quotation marks omitted.) *Conroy* v. *Idlibi*, 343 Conn. 201, 204, 272 A.3d 1121 (2022). Indeed, we have long recognized that ''the orderly administration of justice *requires* that relief be denied unless the moving party alleges and shows reasonable cause for relief under the statute.'' (Emphasis added.) *Testa* v. *Carrolls Hamburger System, Inc.*, 154 Conn. 294, 300, 224 A.2d 739 (1966).

In cases in which the record is ambiguous or the basis for the trial court's denial of a motion to open is unclear, and there is no motion for articulation, we consistently have affirmed the judgment, giving the trial court the benefit of the doubt and construing the record in the light most favorable to sustaining the judgment of default.[4] We have deferred to the discretion of the trial court even when it made inconsistent or erroneous findings. See, e.g., *Jenks* v. *Jenks*, 232 Conn. 750, 754–56, 657 A.2d 1107 (1995) (when supporting record was ''sparse,'' trial court made inconsistent findings as to motion to open, and plaintiff did not seek articulation, record was construed to support judgment); *Kiessling* v. *Kiessling*, 134 Conn. 564, 567, 59 A.2d 532 (1948) (''[i]f the default judgment was proper on any of the grounds alleged, it should stand''); *Genung's, Inc.* v. *Rice*, 33 Conn. Supp. 554, 556–59, 362 A.2d 540 (1976) (subjecting trial court's erroneous finding to harmless error analysis and upholding denial of motion to vacate default judgment on alternative grounds).

---

[4] See, e.g., *Priest* v. *Edmonds*, 295 Conn. 132, 139–40, 989 A.2d 588 (2010) (declining to review defendant's claim when trial court simply marked defendant's motion to open '' 'denied' '' and could have done so for various reasons); *Flater* v. *Grace*, 291 Conn. 410, 423–24, 969 A.2d 157 (2009) (''[We must assume] . . . that the trial court understood the defendant's claim consistent with the plaintiffs' objection thereto . . . . [The] order . . . leaves open the possibility that the trial court sustained the plaintiffs' objection on the [alternative] ground that the defendant had not demonstrated that he had been 'prevented by mistake, accident or other reasonable cause from prosecuting the action or making the defense.' '' (Footnote omitted.)).

Mercedes-Benz Financial *v.* 1188 Stratford Avenue, LLC

In short, the fact that there are two plausible interpretations of the trial court's order does not give rise to the clear abuse of discretion necessary to overturn the judgment, especially in the absence of a motion for articulation. The only question we must answer is whether, drawing every reasonable presumption and construing any ambiguities in favor of upholding the judgment, the trial court reasonably could have concluded that the defendants had failed to satisfy their burden under at least one prong of § 52-212 (a). See, e.g., *Karanda* v. *Bradford*, 210 Conn. App. 703, 713, 270 A.3d 743 (2022) (describing two prongs of § 52-212 (a)). I believe it could.

II

A

The majority employs a mechanical approach to the trial court's decision that I do not share. It concludes that the initial timeliness finding is dispositive and necessarily dictates which standard the court applies: § 52-212 for timely filed motions, or the court's common-law authority to consider untimely motions. This view leaves no room for the common practice by which a court issues alternative rulings denying a motion, such as when a motion is untimely but the defendants also failed to make the showing necessary to satisfy the substantive requirements of § 52-212.

To start, there is no dispute that the defendants' motion to open was filed pursuant to § 52-212; although the motion does not explicitly reference § 52-212, it invokes the language and legal standard of that statute, alleging that the defendants "have good defenses" and that they mistakenly thought that the matter had been resolved. As such, the defendants had to satisfy *all* of § 52-212's requirements: (1) the motion must be timely; General Statutes (Rev. to 2019) § 52-212 (a); (2) it must be verified by the oath of the defendants or their attor-

ney; General Statutes (Rev. to 2019) § 52-212 (c); (3) it must demonstrate that the defendants had a good cause of action or defense at the time of judgment; General Statutes (Rev. to 2019) § 52-212 (a); and (4) it must "particularly set forth" how mistake, accident, or other reasonable cause prevented them from prosecuting or defending the action. General Statutes (Rev. to 2019) § 52-212 (a) and (c). Failure to satisfy any one of these elements is grounds to deny the motion to open. Accordingly, the trial court, in concluding that § 52-212 was not satisfied, could have found that any one of these elements, or any combination thereof, had not been established. Nothing in the law prevents the court from denying a motion as untimely and, in the alternative, denying it because it fails on the merits.

In fact, the very thing that the majority says the trial court cannot possibly have intended to do—determined that the motion to open was untimely but proceeded also to assess whether it satisfied the requirements of § 52-212—is precisely what the Appellate Court did in *Lewis* v. *Bowden*, 166 Conn. App. 400, 141 A.3d 998 (2016). In that case, the defaulted father moved to open a judgment of paternity approximately twenty-seven years after the trial court rendered judgment. Id., 402. The Appellate Court observed that "nearly thirty years [had] passed before he tried to open the judgment." Id., 404. Nevertheless, the court stated that "[a] motion to open a default judgment is governed by . . . § 52-212"; id., 402; it recited the language of that statute establishing the reasonable cause standard, and it proceeded to assess the merits of the father's claim according to that statutory standard. See id., 403–404; cf. *Celanese Fiber* v. *Pic Yarns, Inc.*, 184 Conn. 461, 465–67, 440 A.2d 159 (1981) (with respect to closely related statute, General Statutes (Rev. to 1979) § 52-212a, governing opening of civil judgments and decrees, concluding that motion to open was properly denied because it was untimely and

348 Conn. 796 APRIL, 2024 817

Mercedes-Benz Financial *v.* 1188 Stratford Avenue, LLC

there was no claim of fraud or mistake under common-law standard, but proceeding to explain that, even assuming arguendo that motion had been timely filed within four month limitation period, trial court would have been well within its discretion to deny motion on merits under statutory standard).

It is not uncommon for courts to follow this sort of belt-and-suspenders approach, determining that a motion, claim, defense, or argument fails on multiple, alternative grounds, both procedural and substantive.[5] Here, the trial court appears to have done just that by ruling that the defendants' motion to open was untimely *and* that it had no basis. I fail to see why that is not one plausible reading of the trial court's decision in this case. And, if it is, we are bound to adopt it.[6]

As noted, the defendants filed their motion to open pursuant to § 52-212—the majority concedes as much, and that is how the parties argued the case. See footnote 1 of the majority opinion and accompanying text. Aside from the trial court's erroneous calculation of the timeliness of the motion, when the court conducted the hearing, it focused on determining whether the defendants

---

[5] See, e.g., *Mitchell* v. *State*, 338 Conn. 66, 88, 257 A.3d 259 (2021); *In re Angela V.*, 204 Conn. App. 746, 757–58, 254 A.3d 1042, cert. denied, 337 Conn. 907, 252 A.3d 365 (2021); *Henderson* v. *Commissioner of Correction*, 181 Conn. App. 778, 780, 790, 189 A.3d 135, cert. denied, 329 Conn. 911, 186 A.3d 707 (2018); see also, e.g., *Priest* v. *Edmonds*, 295 Conn. 132, 139, 989 A.2d 588 (2010).

[6] The majority suggests that "the record does not conclusively establish" whether the trial court followed this sort of belt-and-suspenders approach. But we have never required that the record conclusively establish that the trial court got it *right*. Rather, we have said time and again that we must make every reasonable presumption in favor of upholding the judgment, construe ambiguities and gaps in the record against the complainant, in the absence of an articulation, and then reverse only if it is clear that the trial court got it *wrong*. See, e.g., *Bell Food Services, Inc.* v. *Sherbacow*, 217 Conn. 476, 482, 586 A.2d 1157 (1991); see also, e.g., *Doe* v. *Bemer*, 215 Conn. App. 504, 517, 283 A.3d 1074 (2022).

had good defenses that they were prevented from raising. There is no mention whatsoever in the motion, the accompanying affidavit, or the hearing transcript of fraud, duress, mutual mistake, or anything else that might invoke, or suggest that the court was applying, the court's inherent, common-law authority to consider untimely motions to open. Again, the majority concedes as much.

Indeed, the entire hearing was focused on, and all the questions posed by the trial court were directed at, the various statutory requirements imposed by § 52-212. The trial court began by questioning the defendants' counsel as to the timeliness of the motion to open. The court then entertained a back-and-forth between the parties as to the first substantive prong of § 52-212 (a), the existence of a potentially meritorious defense. See, e.g., *Karanda* v. *Bradford*, supra, 210 Conn. App. 713. The alleged meritorious defense was that the car was essentially a lemon, given the repeated problems and safety issues Dizenzo had experienced. Thus, the defendants' counsel argued that the defendants had the right to terminate the lease and would raise this as a part of their potential counterclaim. The plaintiff's counsel countered that this defense was time barred. The court also pushed the defendants' counsel on the relevance of the defendants' purported claims against the automobile dealership, which is not the plaintiff, given that the plaintiff finance company is a different entity. During this dialogue, the defendants' counsel invited the court to follow the example of a case in which another judge of the Superior Court had opened a judgment "within the four [month]" limitation period and allowed the defaulted party to plead in a potentially meritorious counterclaim.

As to the second substantive prong of § 52-212 (a), the trial court pressed on the defendants' claim that they were prevented by mistake from asserting a defense.

Mercedes-Benz Financial *v.* 1188 Stratford Avenue, LLC

See, e.g., *Karanda* v. *Bradford*, supra, 210 Conn. App. 713. The court questioned both parties about this prong of the test, seeking any support for the defendants' purported belief that the plaintiff had not intended to proceed with the action. The court questioned the defendants' counsel at length as to the reasonableness of Dizenzo's mistaken belief that the action was not going forward and his attendant decision not to file an appearance or to retain counsel, including the facts that (1) the affidavit itself made no mention of the supposed conversations in which the plaintiff allegedly represented that the action would not proceed, (2) Dizenzo failed to obtain any written confirmation of this purported agreement, despite being an experienced business owner, and (3) any representations that the dealership made to Dizenzo would be irrelevant insofar as the finance company was the plaintiff.

When the trial court ended the hearing and denied the defendants' motion to open, stating that "[the motion is] untimely, and it has no basis," this ruling came directly on the heels of this discussion, in which the court had questioned the parties as to both substantive prongs of § 52-212 (a), and in which the defendants' counsel had been unable to provide any support for the mistake theory, other than counsel's own representations, or any other explanation (aside from negligence) of how the defendants were prevented from appearing. There was no discussion of, or reference to, the common-law standard. On the basis of the foregoing, after the unfounded timeliness determination, the court clearly applied the § 52-212 standard in denying the motion.

B

The record clearly supports the conclusion that the defendants had not met their burden of demonstrating good cause under the second substantive prong of § 52-212 (a). Under § 52-212 (a), a defaulted party must make

a showing that it "was prevented by mistake, accident or other reasonable cause from . . . making the defense." Section 52-212 (c) further requires that the defaulted party "*particularly* set forth the reason why [that party] failed to appear." (Emphasis added.) In the present case, the only reason the defendants offered for the failure to appear is their own mistake. The defendants, in their motion to open and Dizenzo's affidavit, alleged only the conclusory statement that they "mistakenly thought this matter was resolved" when the plaintiff filed suit in 2017. That hardly qualifies as the particularized showing required by § 52-212 (c). See, e.g., *Eastern Elevator Co.* v. *Scalzi*, 193 Conn. 128, 132–34, 474 A.2d 456 (1984).

For the sake of argument, however, suppose we set aside the defendants' burden of production, look beyond the conclusory allegation of mistake, and accept the representations of counsel during the hearing that Dizenzo believed he had the assurances of the plaintiff that the action would not proceed. The question is whether even that would qualify as a *reasonable* mistake under § 52-212 so as to justify a failure to appear and defend. It would not.

We have long held that negligence does not qualify as a "mistake" for purposes of § 52-212 (a). See, e.g., *Pantlin & Chananie Development Corp.* v. *Hartford Cement & Building Supply Co.*, 196 Conn. 233, 240–41, 492 A.2d 159 (1985) ("[n]egligence is no ground for vacating a judgment, and it has been consistently held that the denial of a motion to open a default judgment should not be held an abuse of discretion [when] the failure to assert a defense was the result of negligence"). When a party receives notice that it has been sued, the law expects that the party will enter a timely appearance and take steps to defend the action. See, e.g., *Disturco* v. *Gates in New Canaan, LLC*, 204 Conn. App. 526, 535, 253 A.3d 1033 (2021) ("[§ 52-212] is remedial, but

Mercedes-Benz Financial *v.* 1188 Stratford Avenue, LLC

it cannot be so construed as to authorize relief . . . [when] a defendant indeed has received proper notice of the underlying action and the . . . motion for default yet failed to file an appearance" (citation omitted; internal quotation marks omitted)); *Fontaine* v. *Thomas*, 51 Conn. App. 77, 83, 720 A.2d 264 (1998) ("[A]lthough the defendant had actual notice of the pending case . . . he failed to take any action . . . . [Although] his mistaken perception of what steps he had to take [may have] prevented him from defending, his error does not constitute a . . . mistake . . . ."). Failure to act born of carelessness, indifference, or ignorance of the law simply does not excuse default. See, e.g., 47 Am. Jur. 2d 50–52, Judgments § 659 (2017); see also, e.g., *Dziedzic* v. *Pine Island Marina, LLC*, 143 Conn. App. 644, 652– 53, 72 A.3d 406 (2013) ("[t]he fact that the defendant chose to ignore [the legal] process, and now rues this decision, is not a basis to open . . . the judgment" (internal quotation marks omitted)).

Importantly, this rule applies even when the defendant fails to appear out of a mistaken belief that the plaintiff does not intend to prosecute the action. See, e.g., *Giano* v. *Salvatore*, 136 Conn. App. 834, 844, 46 A.3d 996 ("[t]he defendant's mistaken belief that the plaintiff would be withdrawing the case is no excuse for her failure to plead"), cert. denied, 307 Conn. 926, 55 A.3d 567 (2012); *Nelson* v. *Contracting Group, LLC*, 127 Conn. App. 45, 49–50, 14 A.3d 1009 (2011) (motion to open was properly denied when defendant failed to defend because of mistaken belief that plaintiff's counsel would contact him before moving forward with litigation); *Berzins* v. *Berzins*, 105 Conn. App. 648, 652– 53, 938 A.2d 1281 ("even if the defendant had relied on any statements made by the plaintiff, his subsequent negligence supersedes his purported reliance . . . [as he] could have called the court at any point to inquire about the status of the action" (internal quotation marks

omitted)), cert. denied, 289 Conn. 932, 958 A.2d 156 (2008); *Rino Gnesi Co*. v. *Sbriglio*, 83 Conn. App. 707, 710, 713, 850 A.2d 1118 (2004) (defendants' alleged misunderstanding following conversation with plaintiff's counsel regarding case status was deemed negligent and, therefore, was not valid justification under § 52-212).

These principles are illustrated nicely in *Pelletier* v. *Paradis*, 4 Conn. Cir. 396, 232 A.2d 925 (1966), cert. denied, 154 Conn. 745, 226 A.2d 520 (1967). The defendant in that case moved to open a default judgment, contending that his attorney had advised him that he need not defend the suit because the applicable one year limitation period had expired, and, thus, the plaintiff had no legal claim against him. Id., 398. He further alleged that, after his attorney offered to discuss the matter with the plaintiff's attorney, he heard nothing more from the plaintiff for nearly one year, and his attorney then inadvertently forgot to respond to the summons. See id., 398–99. On the basis of these representations, the trial court granted the defendant's motion to open the default judgment. Id., 399.

The Appellate Division of the Circuit Court reversed. See id., 400. It acknowledged that a trial court has broad discretion in such matters. See id., 397–98. But it concluded, as a matter of law, that "[t]he defendant's failure to appear and assert his defense . . . was not due to any mistake, accident or other reasonable cause, *unmixed with negligence or inattention*, so as to constitute a sufficient reason to warrant the opening of the judgment." (Emphasis added.) Id., 399–400. The Appellate Division articulated the following rule: "A party to a suit in court must give it the care and attention [that] a man of ordinary prudence usually bestows [on] his important business. If he fails to do so he cannot obtain relief from a judgment resulting from his negligent fail-

Mercedes-Benz Financial *v.* 1188 Stratford Avenue, LLC

ure to take the proceedings required for his protection.'' (Internal quotation marks omitted.) Id., 399.

The present action fits squarely within the previously mentioned paradigm. Even if there was an initial agreement not to pursue this action, the plaintiff clearly became serious enough about the matter to hire counsel, draft a complaint, pay the filing fee, and file suit. Employees at the Mercedes-Benz dealership may well have told Dizenzo that they did not believe that the plaintiff—the finance company—planned to proceed with the action. The employees might have been mistaken about that. The plaintiff also might have changed course at some point without informing the dealership or the defendants. Dizenzo may have simply misunderstood from the outset whether there was an agreement not to pursue this matter.

The one thing Dizenzo knew for sure, when he received notice of the lawsuit, was that he had been sued. He also knew from the filing of the default notice that the case was moving forward and that, if he simply filed an appearance, the default would be set aside. The defendants' reliance on the prior purported agreement with the plaintiff does not excuse their failure to act, particularly after they had received notice of the action and the default. At minimum, as the Appellate Court noted in *Berzins* v. *Berzins*, supra, 105 Conn. App. 648, they ''could have called the court at any point to inquire about the status of the action.'' Id., 653. Had they taken the minimal, prudent step of filing an appearance, with or without legal representation, then the defendants would not have been defaulted. The law deems the failure to do so negligent, and a mistake arising from or intermixed with one's own negligence is not a valid mistake under § 52-212.

C

The majority says that, even if the trial court did apply the correct legal standard, its application of that

standard was tainted by its mistaken belief that the defendants' motion to open was untimely. This, the majority contends, is because the inquiry embedded in the second prong of § 52-212 (a), which asks whether there was good cause for the default, "has a temporal component because . . . depending on the circumstances presented, it may include consideration of the length of time that the defendants were prevented from asserting such a defense . . . ." The majority suggests that an evidentiary hearing will be required to resolve what it calls this "critical factual dispute . . . ." Footnote 5 of the majority opinion.

I disagree for two reasons. First, as I just discussed, a negligent mistake is not a valid mistake under § 52-212. Failure to file an appearance after receiving notice of the lawsuit, and again after receiving notice of default, was negligent. As the trial court established through its questioning, even if the plaintiff had expressed some hesitation to proceed with the action, failure to get that agreement in writing also was negligent. Because there was no valid mistake that prevented the defendants from filing an appearance and raising a defense at the outset, I fail to see how the passage of additional time could transform what began, and persisted, as a series of negligent decisions into a reasonable mistake, so as to mislead the trial court. Nor is there any factual dispute that could be resolved on remand in a way that would legitimize the defendants' ongoing failure to appear, given our well established law in this area.

Second, the record belies the theory that the trial court's analysis was influenced by its belief that the motion to open was untimely. At the hearing, the parties raised the question of timing. The plaintiff's counsel argued that any defenses relating to the 2012 lease were by then time barred, while the defendants' counsel countered that the plaintiff's two year delay in prosecuting the action was evidence that it never intended to

Mercedes-Benz Financial *v.* 1188 Stratford Avenue, LLC

prosecute it. But the trial court dismissed the importance of the lengthy delay, stating: "That's not proof of anything." Thus, the court itself appears not to have put much stock in the passage of time. It never said that the two year delay influenced its decision, and, without an articulation, I would not presume that it did.

D

Ultimately, the majority recognizes that it is not entirely clear whether the trial court's determination that the defendants' motion to open "ha[d] no basis" resulted from its application of the two part legal standard of § 52-212 (a) for timely filed motions or the common-law legal standard for untimely filed motions. The majority further recognizes that it would have been more prudent for the court to have stated the factual and legal bases for its decision or for the defendants to have sought clarification through a motion for articulation. See footnote 3 of the majority opinion. Normally, we *require* articulation before reading an unclear or ambiguous order in a manner that would result in reversal. See, e.g., *Speer* v. *Dept. of Agriculture*, 183 Conn. App. 298, 302, 192 A.3d 489 (2018) (when bases for trial court's denial of motion to open judgment of nonsuit were unclear from record, Appellate Court *sua sponte* ordered trial court to articulate factual and legal bases for denial). But the majority resolves that concern by concluding that the application of either standard here was an error. I would not brush aside the necessity for an articulation so quickly.

In point of fact, the defendants' motion to open was a timely filed motion, and, as I explained, the trial court clearly applied the statutory standard for timely filed motions in its questioning during the hearing. Thus, in my view, the court got the timeliness analysis wrong, but it got the legal standard right. The majority contends that, even if it is true that the trial court applied the

Mercedes-Benz Financial *v.* 1188 Stratford Avenue, LLC

correct standard and reached a permissible result, that discretionary judgment must be reversed because the court should have used an *incorrect* standard in order to be consistent with its own erroneous timeliness finding. The erroneous timeliness finding was harmless here, and I am not aware of any case in which this court or the Appellate Court has reversed a discretionary judgment of a trial court on such a basis.

In any event, to the extent that the trial court's timeliness determination makes things at all unclear about which standard the court applied—one that is correct, or one that is incorrect—that is not grounds for reversal. In such cases, we either read the ambiguity to support the judgment or we give the trial court a fair opportunity to clarify its ruling. See, e.g., id.[7]

In sum, although the trial court's ruling is not a model of clarity, the majority's interpretation of that ruling is certainly not the only, or, in my view, even the best, interpretation. In the absence of an articulation from the trial court, we are left with two plausible interpretations. I believe that the interpretation that makes the most sense and is supported by the record is that the court ruled alternatively that the defendants' motion to open was untimely, which was wrong, but also that the

---

[7] The majority contends that following our established practice and ordering the trial court to articulate the basis for its decision would be of no avail under the particular circumstances of this case because "the basis the trial court provided for its decision was indisputably inaccurate . . . ." Footnote 3 of the majority opinion. I disagree. I see no reason to reverse the judgment and start the process from scratch simply because the trial court's error as to timeliness *might have* infected its analysis of the merits. Why not just ask? If we were to order an articulation, sua sponte, and the trial court were to clarify that (1) its determination that the defendants' motion to open had "no basis" was an independent, alternative basis for denying the motion under the second prong of § 52-212, and (2) that determination was unrelated to questions of timeliness and was predicated solely on the court's determination that the defendants had no valid basis for their failure to enter an appearance, aside from their own negligence, then I see no possible grounds for reversing the judgment.

motion had no basis, which was correct. Because the mistake the defendants alleged here was not an excusable one under the law, and there was no demonstration that they were otherwise prevented from raising a valid defense, there is an adequate independent basis in the record to affirm the Appellate Court's judgment upholding the trial court's denial of the defendants' motion to open. Our standard of review dictates that we affirm. Accordingly, I respectfully dissent.

———————————————